United States District Court
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street
New York, N.Y. 10007

FILED
2008 AUG 26 PM 12: 26
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

Date: 8/25/2008

Re: United States of America v. GORDON LEROY HALL

Docket number: 97-CR-1215-009 (DC)
(refer to DOC# 462)

08 CR 7043-IEG

Dear Clerk:

Pursuant to the Transfer of Jurisdiction signed in the above captioned case, enclosed are the following documents:

(1) certified copy of the Transfer of Jurisdiction;
(2) certified copy of Judgment In A Criminal Case; and
(3) certified copy of the charging instrument, check one:

- ☑ Indictment
- ☐ Information and Waiver of Indictment

(4) certified copy of docket sheet.

Your acknowledgment of receipt of the above documents on the copy of this letter will be appreciated.

Sincerely,
J. Michael McMahon, Clerk

By: B.W.
Deputy Clerk

FEDEX AIRBILL ~~Certified Mail~~# 8655 7112 5745

---

**RECEIPT IS ACKNOWLEDGED OF THE DOCUMENTS DESCRIBED HEREIN:**

**ASSIGNED CASE NUMBER:**__________ **Clerk, U.S. District Court**

**DATE:**__________ **By:**__________
**Deputy Clerk**

rev. 2/15/2006

462

PROB 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

DOCKET NUMBER (Tran. Court)
1:97CR01215-009(DC)

DOCKET NUMBER (Rec. Court)

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Gordon Leroy Hall<br>1520 E. Elmwood Circle<br>Mesa, Arizona 85203 | SOUTHERN DISTRICT OF NEW YORK | U.S. Probation |
| | NAME OF SENTENCING JUDGE: Honorable Denny Chin | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM November 23, 2007 — TO November 22, 2010 |

U.S. DISTRICT COURT FILED AUG 25 2008 S.D. OF N.Y.

OFFENSE:

Rico (18 USC 1962(d)), Class C Felony; Conspiracy to commit securities fraud & wire fraud (18 USC 371), Class D Felony; Securities Fraud (15 USC 78j(b) & 78ff, Class C Felony; Securities Fraud (15 USC 77x), Class D felony; Wire Fraud (18 USC 1343 and 1364), Class D Felony) .

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE "SOUTHERN DISTRICT OF NEW YORK"

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the **SOUTHERN DISTRICT OF CALIFORNIA** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

6/13/08
*Date*

Denny Chin
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

7/22/08
*Effective Date*

Irma E. Gonzalez
*United States District Judge*

A TRUE COPY
J. MICHAEL McMAHON, CLERK
BY
DEPUTY CLERK
8/25/08

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case 19978 K. Erickson-Coad

# United States District Court

## Southern District of New York

UNITED STATES OF AMERICA
v.
**Gordon Hall**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **1:97CR01215-009**

**Jonathan Marks**
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) ____

☐ pleaded nolo contendere to count(s) ____ which was accepted by the court.

☒ was found guilty on count(s) **1 - 11, 13** after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. ' 1962 | Rico | 11/25/1997 | 1,2 |
| 18 U.S.C. ' 371 | Conspiracy to Commit Securities Fraud and Wire Fraud | 11/25/1997 | 3 |
| 15 U.S.C. ' 78 | Securities Fraud | 11/25/1997 | 4 |

See Additional Counts of Conviction - Page 2

The defendant is sentenced as provided in pages 2 through **8** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ____

☒ Count(s) **all open counts** are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **08/30/1953**
Defendant's USM No.: **41280-054**
Defendant's Residence Address:
**1520 East Elmwood**
**Mesa AZ 85203**

Defendant's Mailing Address:
**1520 East Elmwood**
**Mesa AZ 85203**

**11/01/1999**
Date of Imposition of Judgment

Signature of Judicial Officer

**Denny Chin, U.S.D.J.**
Name & Title of Judicial Officer

11/4/99
Date

DEFENDANT: Gordon Hall

CASE NUMBER: 1:97CR01215-009

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 15 U.S.C. ' 77 | Securities Fraud | 11/25/1997 | 5 |
| 15 U.S.C. ' 78 | Securities Fraud | 11/25/1997 | 6 |
| 18 U.S.C. ' 1343 | Wire Fraud | 01/02/1997 | 7 |
| 18 U.S.C. ' 1343 | Wire Fraud | 01/03/1997 | 8 |
| 18 U.S.C. ' 1343 | Wire Fraud | 02/14/1997 | 9 |
| 18 U.S.C. ' 1343 | Wire Fraud | 04/08/1997 | 10,11 |
| 18 U.S.C. ' 1343 | Wire Fraud | 06/03/1997 | 13 |

DEFENDANT: Gordon Hall

CASE NUMBER: 1:97CR01215-009

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 87 month(s).

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at ______________ a.m./p.m. on ______________.
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- ☐ before 2 p.m. on ______________.
- ☐ as notified by the United States Marshal.
- ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

______________________________________________

______________________________________________

______________________________________________

Defendant delivered on ______________ to ______________

at ______________, with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy U.S. Marshal

DEFENDANT: **Gordon Hall**

CASE NUMBER: **1:97CR01215-009**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 year(s).

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☒ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

**See Special Conditions of Supervision - Page 5**

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **Gordon Hall**

CASE NUMBER: **1:97CR01215-009**

# SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall provide access to any requested financial information.**

**The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the restitution payment.**

**The defendant shall report to the nearest Probation Office within 72 hours after release from custody.**

**The defendant shall be supervised by the district of residence.**

**The terms and conditions set forth in Exhibit A hereto are incorporated as special conditions of supervision.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

-v-

ROSARIO GANGI,
a/k/a "Rossi,"
a/k/a "Ross,"
FRANK LINO,
a/k/a "Curly,"
ERNEST MONTEVECCHI,
a/k/a "Butch,"
a/k/a "Green Eyes,"
JOHN CERASANI,
a/k/a "Boobie,"
EUGENE LOMBARDO,
a/k/a "Gene,"
CLAUDIO IODICE,
IRWIN SCHNEIDER,
ROBERT SCHWICKRATH,
a/k/a "Bobby,"
GORDON HALL,
JOE KIRKHAM,
LAWRENCE SCHNEIDER,
a/k/a "Larry,"
ARNOLD SCHNEIDER,
SAL TADDEO,
MICHAEL MOTSYKULASHVILI,
a/k/a "Mike the Russian,"
a/k/a "Mike Laville,"
THOMAS SCARPACI,
a/k/a "Tommy,"
PHIL DEFONTE,
DANNY GUMA, and
JOSEPH ZIMBARDO,
a/k/a "Joe Boy,"

Defendants.

- - - - - - - - - - - - - - - - - - x

INDICTMENT

S1 97 Cr. 1215

**THE RACKETEERING VIOLATIONS**

**COUNT ONE**

The Grand Jury charges:

**THE ENTERPRISE**

1. At all times relevant to this Indictment, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, ROBERT SCHWICKRATH, a/k/a "Bobby," GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, were members and associates of a criminal organization engaged in securities fraud, wire fraud, bank fraud and extortion.

2. The organization, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4) (hereinafter the "enterprise"), that is, a group of individuals associated in fact although not a legal entity. At all times relevant to this Indictment, the enterprise principally operated in New York, New York, Long Island, New York, Phoenix, Arizona, and Boca Raton, Florida, among other locations, and was engaged in, and its activities affected, interstate and foreign commerce.

3. The enterprise charged in this Indictment consisted of individuals who were members and associates of two criminal organizations -- the Genovese Family and the Bonanno Family of La Cosa Nostra (the "Genovese Family" and the "Bonanno Family," respectively) -- together with others who engaged in criminal activities with those Genovese Family and Bonanno Family members and associates.

4. The Genovese Family and the Bonanno Family were part of a nationwide criminal organization known by various names, including the "Mafia" and "La Cosa Nostra," which operated through entities known as "Families."

5. The Genovese Family and the Bonanno Family each operated through groups of individuals known as "crews" and "regimes." Each "crew" had as its leader a person known as a "Caporegime," "Capo" or "Captain," and consisted of "made" members, sometimes known as "soldiers," "wiseguys," "friends of ours" and "good fellows." Other individuals, known as "associates," and sometimes referred to as "connected" or identified as "with" a soldier, participated in the various activities of the crews and their members.

6. Each Capo was responsible for supervising the criminal activities of his crew. The Capo provided crew members and associates with support and protection and regularly received reports regarding the various activities of the crew members. In

return, the Capo typically received a share of the earnings of each of his crew's members and associates.

7. Above the Capos in the Genovese Family and the Bonanno Family were the highest-ranking members of each family. The head of the family was known as the "Boss," who was assisted by an "Underboss" and a "Consigliere" or counselor. The Boss, Underboss and Consigliere were responsible for, among other things, setting policy, resolving disputes among members of the family and resolving disputes between members of the family and members of other families or other criminal organizations. The Boss, Underboss and Consigliere of the Genovese Family and the Bonanno Family supervised, supported, protected and disciplined the Capos, soldiers and associates and regularly received reports regarding their various activities as well as a portion of the illegal earnings of each crew.

8. The members of the enterprise charged in this Indictment were united by their common criminal interests, regardless of the particular family, if any, with which a particular individual was affiliated (either as a made member or as an associate).

**THE DEFENDANTS**

9. At various times relevant to this Indictment, the defendants listed below were members or associates of the

enterprise charged in this Indictment and played the following roles, among others, in furthering the affairs of the enterprise.

a. ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," the defendant, was a Capo in the Genovese Family. GANGI supervised the activities of the members and associates of the enterprise and others in their efforts to manipulate the market for the securities of HealthTech International Inc. ("HealthTech") and other companies. In addition to supervising the activities of others, GANGI used his membership in the Genovese Family to control the activities of the members and associates of the enterprise and to resolve disputes among the members and associates, as well as disputes between the members and associates of the enterprise and others.

b. FRANK LINO, a/k/a "Curly," the defendant, was a Capo in the Bonanno Family. LINO used his membership in the Bonanno Family to control the activities of the members and associates of the enterprise and to resolve disputes among the members and associates, as well as disputes between the members and associates of the enterprise and others.

c. ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," the defendant, was a soldier in the Genovese Family. MONTEVECCHI was a member of GANGI's crew and reported to GANGI. MONTEVECCHI, under the direction of GANGI, supervised the activities of the members and associates of the enterprise and others in their efforts to manipulate the market for the

securities of HealthTech and other companies. In addition to supervising the activities of others, MONTEVECCHI, along with GANGI, used his membership in the Genovese Family to control the activities of the members and associates of the enterprise and to resolve disputes among the members and associates, as well as disputes between the members and associates of the enterprise and others.

d. JOHN CERASANI, a/k/a "Boobie," the defendant, was a soldier in the Bonanno Family. CERASANI used his membership in the Bonanno Family to assist the members and associates of the enterprise and others in their efforts to exercise control of brokerage firms out of which they could manipulate the market for securities. CERASANI, along with other members and associates of the enterprise and others, facilitated these efforts through threats of violence.

e. EUGENE LOMBARDO, a/k/a "Gene," the defendant, was an associate of FRANK LINO. LOMBARDO also was president of N.A. Promotional Services, purportedly a consulting firm. Among other things, as a member of the enterprise, LOMBARDO, along with others, controlled the efforts of other members and associates of the enterprise, as well as others, to manipulate the market for the securities of HealthTech and other companies.

f. CLAUDIO IODICE, the defendant, was president of Equities Consulting Group Inc. ("Equities Consulting"), purportedly a consulting firm. Among other things, as a member

of the enterprise, IODICE, along with others, controlled the efforts of other members and associates of the enterprise, as well as others, to manipulate the market for the securities of HealthTech and other companies.

g. IRWIN SCHNEIDER, the defendant, was secretary of Josh Alexander Associates Inc. ("Josh Alexander"), purportedly a consulting firm. IRWIN SCHNEIDER, a former attorney, among other things, advised the members and associates of the enterprise and others concerning ways in which they could manipulate the market for securities without detection.

h. ROBERT SCHWICKRATH, a/k/a "Bobby," the defendant, assisted the members and associates of the enterprise and others in their efforts to exercise control of brokerage firms out of which they could manipulate the market for securities. SCHWICKRATH, along with other members and associates of the enterprise and others, facilitated these efforts through threats of violence.

i. GORDON HALL, the defendant, was chairman and chief executive officer of HealthTech. HALL entered into agreements with LOMBARDO and other members and associates of the enterprise and others which resulted in the transfer of HealthTech securities to members and associates of the enterprise and others. Those individuals then profited by selling those securities after the members and associates of the enterprise and

others had fraudulently inflated the price of those securities through the manipulation of the market.

j. LAWRENCE SCHNEIDER, a/k/a "Larry," the defendant, was licensed by the National Association of Securities Dealers (the "NASD") as a registered representative and was employed at Meyers Pollock and Robbins Inc. ("Meyers Pollock"). LAWRENCE SCHNEIDER, together with other members of the enterprise, orchestrated fraudulent sales of securities, including the sale of HealthTech securities, to the investing public from a Meyers Pollock branch office at 3333 New Hyde Park Road, New Hyde Park, New York (the "Meyers Pollock New Hyde Park Office"), and a Meyers Pollock branch office at 100 Wall Street, New York, New York (the "Meyers Pollock 100 Wall Street Office").

k. ARNOLD SCHNEIDER, the defendant, was licensed by the NASD as a registered representative and was employed at the Meyers Pollock New Hyde Park Office and the Meyers Pollock 100 Wall Street Office. ARNOLD SCHNEIDER, together with other members of the enterprise, orchestrated fraudulent sales of securities, including the sale of HealthTech securities, to the investing public.

l. MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendant, was licensed by the NASD as a registered representative and was employed at the Meyers Pollock New Hyde Park Office and the Meyers Pollock 100 Wall Street Office. MOTSYKULASHVILI, together with other members

of the enterprise, orchestrated fraudulent sales of securities, including the sale of HealthTech securities, to the investing public.

**PURPOSES OF THE ENTERPRISE**

10. The purposes of the enterprise included the following:

a. Enriching the members and associates of the enterprise through, among other things, securities fraud, wire fraud, bank fraud and extortion;

b. Preserving and protecting the power and financial profits of the enterprise through threats of violence and intimidation;

c. Promoting and enhancing the enterprise and the activities of its members and associates.

**MEANS AND METHODS OF THE ENTERPRISE**

11. Among the means and methods by which the defendants and their co-racketeers conducted and participated in the conduct of the affairs of the enterprise were the following:

a. The defendants and their co-racketeers employed the means and methods set forth in Paragraphs 68 through 77 of this Indictment, the contents of which are incorporated herein and re-alleged in their entirety;

b. The defendants and their co-racketeers would and did commit and attempt to commit extortion;

c. So as to avoid law enforcement scrutiny of the enterprise's criminal activities, the defendants and their co-racketeers restricted the subject matter of their telephone conversations and engaged in private meetings, "walk and talks" and other evasive conduct;

d. The defendants and their co-racketeers attempted to identify individuals suspected of providing, or likely to provide, information about the enterprise, its members and its activities to law enforcement; and

e. To conceal their receipt of money generated from their criminal activities, the defendants and their co-racketeers concealed their ownership of various assets that were purchased with proceeds from their criminal activities.

**THE RACKETEERING CONSPIRACY**

12. From in or about late 1996 up to and including the date of the filing of this Indictment, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, ROBERT SCHWICKRATH, a/k/a "Bobby," GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, being

persons employed by and associated with the enterprise described in Paragraphs 1 through 11 of this Indictment, which enterprise was engaged in, and the activities of which affected interstate and foreign commerce, unlawfully, wilfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise, through a pattern of racketeering activity, as defined by Title 18, United States Code, Section 1961(1) and (5), to wit, the racketeering acts set forth in Paragraphs 14 through 26 below, of this Indictment, as Racketeering Acts One through Thirteen. It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

**THE ACTS OF RACKETEERING**

13. The pattern of racketeering activity, as defined by Title 18, United States Code, Sections 1961(1) and (5), consisted of the following acts:

**ACTS INVOLVING SECURITIES FRAUD**

**Racketeering Act One**

14. The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act One:

a. **Securities Fraud In Violation Of Section 10(b)**

From in or about late 1996 up to and including the date of the filing of this Indictment, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, (i) used and have continued to use fraudulent and deceptive sales practices in connection with the offer, purchase and sale of securities, and made material misrepresentations and omissions in the offer and sale of the securities of HealthTech, and (ii) offered to make and did make unlawful secret payments to securities brokers to induce the brokers to cause their customers to purchase HealthTech common stock and warrants, with the understanding that the payments would not be disclosed to the brokers' customers, and thereby unlawfully, wilfully, and knowingly, by the use of the means and instrumentalities of

interstate commerce and of the mails, directly and indirectly, did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person in connection with the purchase and sale of securities issued by HealthTech, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 18, United States Code, Section 2.

b. **Securities Fraud In Violation Of Section 17(a)**

From in or about late 1996 up to and including the date of the filing of this Indictment, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, (i) used and have continued to use fraudulent and

deceptive sales practices in connection with the offer, purchase and sale of securities, and made material misrepresentations and omissions in the offer and sale of the securities of HealthTech, and (ii) offered to make and did make unlawful secret payments to securities brokers to induce the brokers to cause their customers to purchase HealthTech common stock and warrants, with the understanding that the payments would not be disclosed to the brokers' customers, and thereby unlawfully, wilfully, and knowingly, in the offer and sale of securities by the use of the means and instruments of transportation and communication in interstate commerce and by the use of the mails, directly and indirectly, did (a) employ devices, schemes, and artifices to defraud, (b) obtain money and property by means of untrue statements of material facts and omitting to state material facts necessary to make statements made, in the light of the circumstances under which they were made, not misleading, and (c) engage in transactions, practices, and courses of business which operated and would operate as a fraud and deceit upon the purchaser in violation of Title 15, United States Code, Sections 77q(a) and 77x, and Title 18, United States Code, Section 2.

c. **Manipulation Of HealthTech Securities**

From in or about late 1996 up to and including the date of the filing of this Indictment, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI,

a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, did effect a series of transactions in a security creating actual and apparent active trading in such a security and raising the price of such security, for the purpose of inducing the purchase of such security by others, and thereby unlawfully, wilfully, and knowingly, (1) by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly, did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person in connection with the purchase and sale of securities issued by HealthTech, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 18, United States Code, Section 2.

ACTS INVOLVING FRAUDULENT TELEPHONE CALLS TO CUSTOMERS

Racketeering Act Two

15. The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Two:

a. **Securities Fraud In Violation Of Section 10(b)**

In or about January of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to Michigan between a person purporting to be a registered securities broker and Customer #1 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #1 to purchase shares of HealthTech common stock, and thereby unlawfully, wilfully, and knowingly, by the use of the means and instrumentalities of interstate commerce and of the

mails, directly and indirectly, did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person in connection with the purchase and sale of securities issued by HealthTech, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 18, United States Code, Section 2.

b. **Securities Fraud In Violation Of Section 17(a)**

In or about January of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to Michigan

between a person purporting to be a registered securities broker and Customer #1 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #1 to purchase shares of HealthTech common stock, and thereby unlawfully, wilfully, and knowingly, in the offer and sale of securities issued by HealthTech by the use of the means and instruments of transportation and communication in interstate commerce and by the use of the mails, directly and indirectly, did (a) employ devices, schemes, and artifices to defraud, (b) obtain money and property by means of untrue statements of material facts and omitting to state material facts necessary to make statements made, in the light of the circumstances under which they were made, not misleading, and (c) engage in transactions, practices, and courses of business which operated and would operate as a fraud and deceit upon the purchaser, in violation of Title 15, United States Code, Sections 77q(a) and 77x, and Title 18, United States Code, Section 2.

c. **Wire Fraud**

In or about January of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene,"

CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to Michigan between a person purporting to be a registered securities broker and Customer #1 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #1 to purchase shares of HealthTech common stock, and thereby unlawfully, wilfully, and knowingly, having devised a scheme and artifice to defraud, including a scheme and artifice, among other things, to (a) deprive a broker's customer of the intangible right to a broker's honest services, (b) violate a broker's duty to disclose to his customer all material facts concerning securities transactions in the customer's account, and (c) obtain the customer's money and property, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, signs, signals and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343, 1346 and 2.

**Racketeering Act Three**

16. The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Three:

a. **Securities Fraud In Violation Of Section 10(b)**

In or about April of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to Michigan between a person purporting to be a registered securities broker and Customer #2 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #2 to purchase HealthTech warrants, and thereby unlawfully, wilfully, and knowingly, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly, did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive

devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person in connection with the purchase and sale of securities issued by HealthTech, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 18, United States Code, Section 2.

b. **Securities Fraud In Violation Of Section 17(a)**

In or about April of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to Michigan between a person purporting to be a registered securities broker and Customer #2 in which the broker made untrue statements of

material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #2 to purchase HealthTech warrants, and thereby unlawfully, wilfully, and knowingly, in the offer and sale of securities issued by HealthTech by the use of the means and instruments of transportation and communication in interstate commerce and by the use of the mails, directly and indirectly, did (a) employ devices, schemes, and artifices to defraud, (b) obtain money and property by means of untrue statements of material facts and omitting to state material facts necessary to make statements made, in the light of the circumstances under which they were made, not misleading, and (c) engage in transactions, practices, and courses of business which operated and would operate as a fraud and deceit upon the purchaser, in violation of Title 15, United States Code, Sections 77q(a) and 77x, and Title 18, United States Code, Section 2.

c. __Wire Fraud__

In or about April of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI,

a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to Michigan between a person purporting to be a registered securities broker and Customer #2 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #2 to purchase HealthTech warrants, and thereby unlawfully, wilfully, and knowingly, having devised a scheme and artifice to defraud, including a scheme and artifice, among other things, to (a) deprive a broker's customer of the intangible right to a broker's honest services, (b) violate a broker's duty to disclose to his customer all material facts concerning securities transactions in the customer's account, and (c) obtain the customer's money and property, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, signs, signals and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343, 1346 and 2.

**Racketeering Act Four**

17. The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Four:

a. **Securities Fraud In Violation Of Section 10(b)**

In or about April of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to Oklahoma between a person purporting to be a registered securities broker and Customer #3 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #3 to purchase HealthTech warrants, and thereby unlawfully, wilfully, and knowingly, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly, did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary

in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person in connection with the purchase and sale of securities issued by HealthTech, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 18, United States Code, Section 2.

b. **Securities Fraud In Violation Of Section 17(a)**

In or about April of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to Oklahoma between a person purporting to be a registered securities broker and Customer #3 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #3 to purchase HealthTech warrants, and thereby

unlawfully, wilfully, and knowingly, in the offer and sale of securities issued by HealthTech by the use of the means and instruments of transportation and communication in interstate commerce and by the use of the mails, directly and indirectly, did (a) employ devices, schemes, and artifices to defraud, (b) obtain money and property by means of untrue statements of material facts and omitting to state material facts necessary to make statements made, in the light of the circumstances under which they were made, not misleading, and (c) engage in transactions, practices, and courses of business which operated and would operate as a fraud and deceit upon the purchaser, in violation of Title 15, United States Code, Sections 77q(a) and 77x, and Title 18, United States Code, Section 2.

c. **Wire Fraud**

In or about April of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to Oklahoma between a person purporting to be a registered securities broker

and Customer #3 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #3 to purchase HealthTech warrants, and thereby unlawfully, wilfully, and knowingly, having devised a scheme and artifice to defraud, including a scheme and artifice, among other things, to (a) deprive a broker's customer of the intangible right to a broker's honest services, (b) violate a broker's duty to disclose to his customer all material facts concerning securities transactions in the customer's account, and (c) obtain the customer's money and property, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, signs, signals and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343, 1346 and 2.

**Racketeering Act Five**

18. The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Five:

a. **Securities Fraud In Violation Of Section 10(b)**

In or about April of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a

"Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to West Virginia between a person purporting to be a registered securities broker and Customer #4 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #4 to purchase HealthTech warrants, and thereby unlawfully, wilfully, and knowingly, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly, did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person in connection with the purchase and sale of securities issued by

HealthTech, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 18, United States Code, Section 2.

**b. Securities Fraud In Violation Of Section 17(a)**

In or about April of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to West Virginia between a person purporting to be a registered securities broker and Customer #4 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #4 to purchase HealthTech warrants, and thereby unlawfully, wilfully, and knowingly, in the offer and sale of securities issued by HealthTech by the use of the means and instruments of transportation and communication in interstate commerce and by the use of the mails, directly and indirectly, did (a) employ devices, schemes, and artifices to defraud, (b)

obtain money and property by means of untrue statements of material facts and omitting to state material facts necessary to make statements made, in the light of the circumstances under which they were made, not misleading, and (c) engage in transactions, practices, and courses of business which operated and would operate as a fraud and deceit upon the purchaser, in violation of Title 15, United States Code, Sections 77q(a) and 77x, and Title 18, United States Code, Section 2.

c. **Wire Fraud**

In or about April of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to West Virginia between a person purporting to be a registered securities broker and Customer #4 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #4 to purchase HealthTech warrants, and thereby

unlawfully, wilfully, and knowingly, having devised a scheme and artifice to defraud, including a scheme and artifice, among other things, to (a) deprive a broker's customer of the intangible right to a broker's honest services, (b) violate a broker's duty to disclose to his customer all material facts concerning securities transactions in the customer's account, and (c) obtain the customer's money and property, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, signs, signals and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343, 1346 and 2.

**Racketeering Act Six**

19. The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Six:

a. **Securities Fraud In Violation Of Section 10(b)**

In or about May of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be

made an interstate telephone call from New York to Tennessee between a person purporting to be a registered securities broker and Customer #5 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #5 to purchase HealthTech warrants, and thereby unlawfully, wilfully, and knowingly, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly, did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person in connection with the purchase and sale of securities issued by HealthTech, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 18, United States Code, Section 2.

b. **Securities Fraud In Violation Of Section 17(a)**

In or about May of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to Tennessee between a person purporting to be a registered securities broker and Customer #5 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #5 to purchase HealthTech warrants, and thereby unlawfully, wilfully, and knowingly, in the offer and sale of securities issued by HealthTech by the use of the means and instruments of transportation and communication in interstate commerce and by the use of the mails, directly and indirectly, did (a) employ devices, schemes, and artifices to defraud, (b) obtain money and property by means of untrue statements of material facts and omitting to state material facts necessary to make statements made, in the light of the circumstances under

which they were made, not misleading, and (c) engage in transactions, practices, and courses of business which operated and would operate as a fraud and deceit upon the purchaser, in violation of Title 15, United States Code, Sections 77q(a) and 77x, and Title 18, United States Code, Section 2.

c. **Wire Fraud**

In or about May of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to Tennessee between a person purporting to be a registered securities broker and Customer #5 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #5 to purchase HealthTech warrants, and thereby unlawfully, wilfully, and knowingly, having devised a scheme and artifice to defraud, including a scheme and artifice, among other things, to (a) deprive a broker's customer of the intangible

right to a broker's honest services, (b) violate a broker's duty to disclose to his customer all material facts concerning securities transactions in the customer's account, and (c) obtain the customer's money and property, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, signs, signals and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343, 1346 and 2.

**Racketeering Act Seven**

20. The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Seven:

a. **Securities Fraud In Violation Of Section 10(b)**

In or about May of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to California between a person purporting to be a registered securities broker and Customer #6 in which the broker made untrue statements of

material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #6 to purchase HealthTech warrants, and thereby unlawfully, wilfully, and knowingly, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly, did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person in connection with the purchase and sale of securities issued by HealthTech, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 18, United States Code, Section 2.

b. **Securities Fraud In Violation Of <u>Section 17(a)</u>**

In or about May of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a

"Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to California between a person purporting to be a registered securities broker and Customer #6 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #6 to purchase HealthTech warrants, and thereby unlawfully, wilfully, and knowingly, in the offer and sale of securities issued by HealthTech by the use of the means and instruments of transportation and communication in interstate commerce and by the use of the mails, directly and indirectly, did (a) employ devices, schemes, and artifices to defraud, (b) obtain money and property by means of untrue statements of material facts and omitting to state material facts necessary to make statements made, in the light of the circumstances under which they were made, not misleading, and (c) engage in transactions, practices, and courses of business which operated and would operate as a fraud and deceit upon the purchaser, in violation of Title 15, United States Code, Sections 77q(a) and 77x, and Title 18, United States Code, Section 2.

foreign commerce, signs, signals and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343, 1346 and 2.

**Racketeering Act Eight**

21. The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Eight:

a. **Securities Fraud In Violation Of Section 10(b)**

In or about May of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to Massachusetts between a person purporting to be a registered securities broker and Customer #7 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #7 to purchase HealthTech warrants, and thereby unlawfully, wilfully, and knowingly, by the use of the means and

c. **Wire Fraud**

In or about May of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," GLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to California between a person purporting to be a registered securities broker and Customer #6 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #6 to purchase HealthTech warrants, and thereby unlawfully, wilfully, and knowingly, having devised a scheme and artifice to defraud, including a scheme and artifice, among other things, to (a) deprive a broker's customer of the intangible right to a broker's honest services, (b) violate a broker's duty to disclose to his customer all material facts concerning securities transactions in the customer's account, and (c) obtain the customer's money and property, did transmit and cause to be transmitted by means of wire communication in interstate and

instrumentalities of interstate commerce and of the mails, directly and indirectly, did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person in connection with the purchase and sale of securities issued by HealthTech, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 18, United States Code, Section 2.

b. **Securities Fraud In Violation Of <u>Section 17(a)</u>**

In or about May of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be

made an interstate telephone call from New York to Massachusetts between a person purporting to be a registered securities broker and Customer #7 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #7 to purchase HealthTech warrants, and thereby unlawfully, wilfully, and knowingly, in the offer and sale of securities issued by HealthTech by the use of the means and instruments of transportation and communication in interstate commerce and by the use of the mails, directly and indirectly, did (a) employ devices, schemes, and artifices to defraud, (b) obtain money and property by means of untrue statements of material facts and omitting to state material facts necessary to make statements made, in the light of the circumstances under which they were made, not misleading, and (c) engage in transactions, practices, and courses of business which operated and would operate as a fraud and deceit upon the purchaser, in violation of Title 15, United States Code, Sections 77q(a) and 77x, and Title 18, United States Code, Section 2.

c. **Wire Fraud**

In or about May of 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a

"Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, made and caused to be made an interstate telephone call from New York to Massachusetts between a person purporting to be a registered securities broker and Customer #7 in which the broker made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to cause Customer #7 to purchase HealthTech warrants, and thereby unlawfully, wilfully, and knowingly, having devised a scheme and artifice to defraud, including a scheme and artifice, among other things, to (a) deprive a broker's customer of the intangible right to a broker's honest services, (b) violate a broker's duty to disclose to his customer all material facts concerning securities transactions in the customer's account, and (c) obtain the customer's money and property, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, signs, signals and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343, 1346 and 2.

**ACTS INVOLVING EXTORTION**

**Racketeering Act Nine**

22. The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Nine:

a. **Conspiracy To Extort Jonathan Lyons And Meyers Pollock**

From in or about January 1997 through in or about March 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE and IRWIN SCHNEIDER, the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of Jonathan Lyons and others who were employed by or operated Meyers Pollock, which consent had and would have been induced by the wrongful use of actual and threatened force, violence and fear, and would and thereby did obstruct, delay and affect commerce, in violation of Title 18, United States Code, Section 1951.

b. **Extortion Of**
**<u>Jonathan Lyons And Meyers Pollock</u>**

From in or about January 1997 through in or about March 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE and IRWIN SCHNEIDER, the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly did commit and attempt to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of Jonathan Lyons and others who were employed by or operated Meyers Pollock, which consent had been induced by the wrongful use of actual and threatened force, violence and fear, and thereby did obstruct, delay and affect commerce, in violation of Title 18, United States Code, Sections 1951 and 2.

**<u>Racketeering Act Ten</u>**

23. The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Ten:

a. **Conspiracy To Extort**
**<u>HealthTech Principals</u>**

From in or about March 1997 through in or about June 1997, in the Southern District of New York and elsewhere, ROSARIO

GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," and CLAUDIO IODICE, the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of Gordon Hall, Joe Kirkham and others who were employed by or operated HealthTech, which consent had and would have been induced by the wrongful use of actual and threatened force, violence and fear, and would and thereby did obstruct, delay and affect commerce, in violation of Title 18, United States Code, Section 1951.

b. **Extortion Of HealthTech Principals**

From in or about March 1997 through in or about June 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," and CLAUDIO IODICE, the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly did commit and attempt to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining and attempting to obtain money and property from and with the consent of Gordon Hall, Joe Kirkham

and others who were employed by or operated HealthTech, which consent had and would have been induced by the wrongful use of actual and threatened force, violence and fear, and would and thereby did obstruct, delay and affect commerce, in violation of Title 18, United States Code, Sections 1951 and 2.

**Racketeering Act Eleven**

24. The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Eleven:

a. **Conspiracy To Extort Victim #1 And Sun Music**

In or about August 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE and ROBERT SCHWICKRATH, a/k/a "Bobby," the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of Victim #1 and others who were employed by or operated Sun Music Group, Inc. ("Sun Music"), which consent had and would have been induced by the wrongful use of actual and threatened force, violence and fear, and would and thereby did obstruct,

delay and affect commerce, in violation of Title 18, United States Code, Section 1951.

b. **Extortion Of Victim #1 And Sun Music**

In or about August 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE and ROBERT SCHWICKRATH, a/k/a "Bobby," the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly did commit and attempt to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining and attempting to obtain money and property from and with the consent of Victim #1 and others who were employed by or operated Sun Music, which consent had and would have been induced by the wrongful use of actual and threatened force, violence and fear, and would and thereby did obstruct, delay and affect commerce, in violation of Title 18, United States Code, Sections 1951 and 2.

**Racketeering Act Twelve**

25. The defendants named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Twelve:

a. **Conspiracy To Extort Victim #2**

From in or about August 1997 through in or about October 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE and ROBERT SCHWICKRATH, a/k/a "Bobby," the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of Victim #2 and others who were employed by or operated TAJ Global Equities, Inc. ("TAJ"), which consent had and would have been induced by the wrongful use of actual and threatened force, violence and fear, and would and thereby did obstruct, delay and affect commerce, in violation of Title 18, United States Code, Section 1951.

b. **Extortion Of Victim #2**

From in or about August 1997 through in or about October 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE and ROBERT SCHWICKRATH, a/k/a "Bobby," the defendants, together with others

known and unknown, unlawfully, wilfully, and knowingly did commit and attempt to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining and attempting to obtain money and property from and with the consent of Victim #2 and others who were employed by or operated TAJ, which consent had and would have been induced by the wrongful use of actual and threatened force, violence and fear, and would and thereby did obstruct, delay and affect commerce, in violation of Title 18, United States Code, Sections 1951 and 2.

**ACTS INVOLVING BANK FRAUD**

**Racketeering Act Thirteen:**
**The Staten Island Savings Bank Fraud**

26. From in or about October 1997 through in or about November 1997, in the Southern District of New York and elsewhere, EUGENE LOMBARDO, a/k/a "Gene," the defendant, together with others known and unknown, unlawfully, wilfully, and knowingly did execute and attempt to execute a scheme and artifice to defraud a financial institution, to wit, Staten Island Savings Bank, and to obtain moneys, funds, credits, assets, securities and other property owned by or under the custody and control of said financial institution, by means of false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Sections 1344 and 2.

(Title 18, United States Code, Section 1962(d).)

**COUNT TWO**

The Grand Jury further charges:

27. Paragraphs 1 through 11 and 13 through 26 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

**THE RACKETEERING VIOLATION**

28. From in or about late 1996 up to and including the date of the filing of this Indictment, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, ROBERT SCHWICKRATH, a/k/a "Bobby," GORDON HALL, and LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, together with others known and unknown, being persons employed by and associated with the enterprise described in Paragraphs 1 through 11 of this Indictment, unlawfully, wilfully, and knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity, that is through the commission of two or

more of the acts set forth in Paragraphs 14 through 26 of this Indictment.

(Title 18, United States Code, Section 1962(c).)

**SECURITIES FRAUD VIOLATIONS**

**COUNT THREE**

The Grand Jury further charges:

At all times relevant to this Indictment:

**BACKGROUND**

29. Paragraphs 4 through 9 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

30. HealthTech International Inc. ("HealthTech") was a corporation organized under the laws of Nevada, with its principal place of business in Mesa, Arizona. HealthTech's common stock (trading symbol "GYMM") traded publicly on the National Association of Securities Dealers Automated Quotation system ("NASDAQ") small-cap market. HealthTech also issued warrants expiring on March 31, 1997 (and later extended) with a strike price of one warrant plus $15.00 for one share of HealthTech common stock. The HealthTech warrants (trading symbol "GYMMW") also traded on the NASDAQ small-cap market.

31. Meyers Pollock, a brokerage firm registered with the United States Securities and Exchange Commission (the "SEC"), maintained its headquarters at One World Trade Center, 91st

Floor, New York, New York. At certain times relevant to this Indictment, Meyers Pollock operated, among others, a branch office at the Meyers Pollock New Hyde Park Office, and a branch office at the Meyers Pollock 100 Wall Street Office.

32. JOE KIRKHAM, the defendant, was HealthTech's senior vice-president and president of HealthTech's medical operations division.

33. SAL TADDEO, the defendant, worked at the Meyers Pollock New Hyde Park Office and the Meyers Pollock 100 Wall Street Office. TADDEO also helped finance the Meyers Pollock 100 Wall Street Office. TADDEO was not licensed by the NASD as a registered representative.

34. THOMAS SCARPACI, a/k/a "Tommy," the defendant, was licensed by the NASD as a registered representative and was employed at the Meyers Pollock 100 Wall Street Office.

35. PHIL DEFONTE, the defendant, assisted EUGENE LOMBARDO and CLAUDIO IODICE, the defendants, in negotiating with GORDON HALL, the defendant, with respect to the issuance of HealthTech securities to LOMBARDO and IODICE.

36. Jonathan Lyons, a co-conspirator not named as a defendant herein, was licensed by the NASD as a registered representative and controlled the Meyers Pollock New Hyde Park Office.

**THE UNLAWFUL SCHEME TO RAISE**
**THE PRICE OF HEALTHTECH SECURITIES**

37. In or about December 1996, EUGENE LOMBARDO, IRWIN SCHNEIDER and CLAUDIO IODICE entered into an unlawful agreement with GORDON HALL pursuant to which LOMBARDO, IRWIN SCHNEIDER, IODICE and others would receive securities issued by HealthTech from HALL, in exchange for unlawfully raising the market price of HealthTech securities.

38. Pursuant to that agreement, on or about January 2, 1997, EUGENE LOMBARDO told IRWIN SCHNEIDER that GORDON HALL wanted to "get the stock to a certain point." On or about January 4, 1997, LOMBARDO told IRWIN SCHNEIDER that the agreement with HALL provided that: "If we get [the] stock to $3.00, we get 100,000 shares."

**FRAUDULENT SALES FROM THE**
**MEYERS POLLOCK NEW HYDE PARK OFFICE**

39. EUGENE LOMBARDO, IRWIN SCHNEIDER, and CLAUDIO IODICE sought unlawfully to increase the share price and volume of HealthTech common stock by, among other things, causing securities brokers working under their control at Meyers Pollock to sell shares of HealthTech common stock to customers at times and in amounts designed unlawfully to raise the price of HealthTech common stock.

40. In or about January 1997, EUGENE LOMBARDO, IRWIN SCHNEIDER, and CLAUDIO IODICE entered into an unlawful agreement

with ARNOLD SCHNEIDER, LAWRENCE SCHNEIDER and MICHAEL MOTSYKULASHVILI, whereby LOMBARDO, IRWIN SCHNEIDER and IODICE agreed to pay ARNOLD SCHNEIDER, LAWRENCE SCHNEIDER and MOTSYKULASHVILI a percentage of the proceeds of any sales of HealthTech stock to Meyers Pollock customers. It was understood that these payments would be used, in part, to pay extraordinary commissions to individuals at Meyers Pollock who sold HealthTech stock to retail customers. It was further understood that these payments would not be disclosed to those purchasers of the stock.

41. In or about January 1997, EUGENE LOMBARDO entered into an unlawful agreement with Jonathan Lyons. As a part of that agreement, Jonathan Lyons permitted LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, MICHAEL MOTSYKULASHVILI, SAL TADDEO and others to recruit "crews" of securities brokers to work at the Meyers Pollock New Hyde Park Office and engage in unlawful sales of securities. In return, Jonathan Lyons and Meyers Pollock would receive a portion of commissions generated by those sales and an additional amount of compensation to be determined by Lyons and LOMBARDO in the future.

42. In furtherance of the agreement to unlawfully raise the market price for HealthTech securities, brokers at the Meyers Pollock New Hyde Park Office unlawfully induced investors to purchase HealthTech securities by, among other things, engaging in "boiler-room" sales practices, including making material misrepresentations to their customers about the nature

and quality of HealthTech and its securities and about material terms of HealthTech warrants. As part of these unlawful sales efforts, EUGENE LOMBARDO, CLAUDIO IODICE, IRWIN SCHNEIDER, ARNOLD SCHNEIDER, LAWRENCE SCHNEIDER, MICHAEL MOTSYKULASHVILI and others paid these Meyers Pollock registered representatives illegal secret compensation for sales of HealthTech securities to their customers with the knowledge and understanding that, in breach of those registered representatives' fiduciary duties to those customers, the registered representatives would not disclose these payments to the customers.

**January 1997 HealthTech Trading**

43. As a result of these and other illegal sales practices, from on or about January 2, 1997 through on or about January 31, 1997, Meyers Pollock's retail customers purchased approximately 387,200 shares of HealthTech common stock. These purchases amounted to approximately 38.94% of all retail customer purchases of HealthTech stock during this period. In addition, the trading volume of HealthTech common stock increased sharply from approximately 642,845 shares traded in December 1996 to approximately 2,314,156 shares traded in January 1997.

44. As a result of these and other illegal sales practices, on one day alone, January 2, 1997, HealthTech's trading volume increased more than 250% as compared to the prior day's trading, from approximately 45,081 shares traded to

approximately 172,600 shares traded. On that date, the price of HealthTech common stock, as quoted on NASDAQ, increased from approximately $.875 on December 31, 1997, to approximately $1.34 per share on January 2, 1997.

45. To compensate EUGENE LOMBARDO and others for these sales, on or about January 8, 1997, GORDON HALL caused HealthTech to issue to LOMBARDO, free of charge, 200,000 shares of HealthTech common stock (100,000 of which were later canceled) by delivering these shares to an account in the name of N.A. Promotional Services, LOMBARDO's consulting firm. These shares were delivered to N.A. Promotional Services pursuant to a fictitious consulting agreement between N.A. Promotional Services and HealthTech.

**February 1997 HealthTech Trading**

46. As a result of the illegal sales practices of the defendants and others, from on or about February 3, 1997, through on or about February 28, 1997, Meyers Pollock's retail customers purchased approximately 264,200 shares of HealthTech common stock. These purchases amounted to approximately 27.47% of all retail customer purchases of HealthTech common stock during this period.

47. To further compensate EUGENE LOMBARDO, on or about February 13, 1997, GORDON HALL caused HealthTech to issue, free of charge, to LOMBARDO an additional 100,000 shares of HealthTech

stock by delivering these shares to an account in the name of N.A. Promotional Services. The shares also were delivered to N.A. Promotional Services pursuant to a fictitious consulting agreement between N.A. Promotional Services and HealthTech.

48. To further compensate EUGENE LOMBARDO, CLAUDIO IODICE and IRWIN SCHNEIDER, on or about February 13, 1997, GORDON HALL caused HealthTech to issue to each of: (1) EUGENE LOMBARDO, through N.A. Promotional Services, (2) CLAUDIO IODICE, through Equities Consulting, and (3) IRWIN SCHNEIDER, through Josh Alexander, 500,000 HealthTech warrants. For a nominal amount, the warrants were delivered to N.A. Promotional Services, Equities Consulting, and Josh Alexander pursuant to fictitious consulting agreements between HealthTech and these entities.

49. EUGENE LOMBARDO sought to profit from his illegal activities by selling his personal holdings of HealthTech common stock given to him by GORDON HALL. From on or about January 21, 1997 to on or about April 2, 1997, LOMBARDO sold all of the 200,000 shares of HealthTech common stock issued to him by HALL, as described in paragraphs 44 and 46 above, for a total profit of more than $430,000. LOMBARDO provided a portion of these profits to ARNOLD SCHNEIDER.

## DISPUTES AT THE MEYERS POLLOCK NEW HYDE PARK OFFICE

50. In or about January and February 1997, Jonathan Lyons recruited other brokers to work in the Meyers Pollock New Hyde Park Office who were not controlled by LOMBARDO, IODICE, IRWIN SCHNEIDER, ARNOLD SCHNEIDER and LAWRENCE SCHNEIDER. Thereafter, LOMBARDO, IODICE, IRWIN SCHNEIDER, LAWRENCE SCHNEIDER and ARNOLD SCHNEIDER became embroiled in disputes with Lyons over who would control the brokers working in the Meyers Pollock New Hyde Park Office. As the dispute worsened, Lyons stated that he wanted the brokers controlled by LOMBARDO, IODICE, IRWIN SCHNEIDER, LAWRENCE SCHNEIDER and ARNOLD SCHNEIDER to leave the Meyers Pollock New Hyde Park Office. In return, JOHN CERASANI, the defendant, LOMBARDO, IODICE and IRWIN SCHNEIDER, at the direction of ROSARIO GANGI, FRANK LINO and ERNEST MONTEVECCHI, the defendants, agreed to threaten and later did threaten Lyons and others at Meyers Pollock. In response, Lyons sought assistance from members of the Bonanno Family.

51. On or about February 12, 1997, to resolve this dispute, FRANK LINO, ERNEST MONTEVECCHI, EUGENE LOMBARDO, ARNOLD SCHNEIDER, LAWRENCE SCHNEIDER and MICHAEL MOTSYKULASHVILI attended a "sit-down" with members of a faction of the Bonanno family that Lyons had enlisted to act on his behalf. As a result of that meeting, LINO, MONTEVECCHI, LOMBARDO, ARNOLD SCHNEIDER, LAWRENCE SCHNEIDER, and MOTSYKULASHVILI agreed with the members

of the other faction of the Bonanno Family that the brokers controlled by LOMBARDO would continue to work at the Meyers Pollock New Hyde Park Office.

**FRAUDULENT SALES FROM THE MEYERS POLLOCK 100 WALL STREET OFFICE**

52. Despite prevailing at the February 12, 1997 "sit-down," EUGENE LOMBARDO, CLAUDIO IODICE, IRWIN SCHNEIDER and others began to try to lease new office space from which they could continue their efforts unlawfully to raise the price of HealthTech securities by engaging in unlawful sales of HealthTech securities to Meyers Pollock customers. For this purpose, LOMBARDO and IRWIN SCHNEIDER sought the advice and assistance of ROSARIO GANGI, who helped LOMBARDO to negotiate the terms under which LOMBARDO, IODICE, IRWIN SCHNEIDER and others could lease office space to open a new branch of Meyers Pollock at 100 Wall Street.

53. In or about April 1997, LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER, SAL TADDEO, MICHAEL MOTSYKULASHVILI, THOMAS SCARPACI and others began to operate the new branch office of Meyers Pollock at 100 Wall Street. EUGENE LOMBARDO, IRWIN SCHNEIDER, and CLAUDIO IODICE continued to compensate LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER and MOTSYKULASHVILI for causing brokers under their control to sell HealthTech securities, with the understanding that this compensation would not be disclosed to HealthTech customers. Brokers operating under the control of

LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER, TADDEO, MOTSYKULASHVILI and SCARPACI continued unlawfully to sell shares of HealthTech common stock to their customers. However, under the direction of ERNEST MONTEVECCHI, EUGENE LOMBARDO, CLAUDIO IODICE and IRWIN SCHNEIDER, LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER, TADDEO, MOTSYKULASHVILI, SCARPACI and others also began an effort unlawfully to raise the price and volume of HealthTech warrants by, among other things, causing the brokers under their control to sell HealthTech warrants to their customers at times and in amounts designed unlawfully to raise the price of the warrants.

**DISPUTES AT THE**
**MEYERS POLLOCK 100 WALL STREET OFFICE**

54. In or about April 1997, EUGENE LOMBARDO, CLAUDIO IODICE, ARNOLD SCHNEIDER, and LAWRENCE SCHNEIDER, together with others, recruited various "crews" of brokers to work at the 100 Wall Street Office to facilitate the unlawful selling of the HealthTech common stock and warrants. In or about late April 1997, IODICE told LOMBARDO that he believed that one of the new brokers recruited in this manner might be an "FBI plant." LOMBARDO and IODICE also speculated that some of the new brokers might later leave the Meyers Pollock 100 Wall Street Office and "steal" customers. LOMBARDO decided that at least one of the new brokers had to be removed from the Meyers Pollock 100 Wall Street Office, and, on May 7, 1997, LOMBARDO told that broker to leave.

LOMBARDO's actions caused a dispute between members of the Genovese Family and the Bonanno Family.

55. In order to resolve this dispute, on or about May 9, 1997, ROSARIO GANGI, ERNEST MONTEVECCHI, FRANK LINO and LOMBARDO attended a "sit-down" with several other made members and associates of the Genovese Family and the Bonanno Family. GANGI, MONTEVECCHI, LINO and other meeting participants agreed that LOMBARDO would be allowed to remove one of the brokers from 100 Wall Street, but, in return, LOMBARDO would be required to make payments to the member of the Genovese Family who controlled that broker.

**April 1997 HealthTech Trading**

56. As a result of the illegal sales practices of the defendants and others, from on or about April 1, 1997 through on or about April 30, 1997, Meyers Pollock's retail clients purchased approximately 3,042,800 HealthTech warrants. These purchases amounted to approximately 68.41% of all retail customer purchases of HealthTech warrants during this period. The trading volume of HealthTech warrants increased more than 1,000% in April 1997, from approximately 700,165 warrants traded in March 1997, to approximately 7,710,192 warrants traded in April 1997. The price of HealthTech warrants also increased. For example, from April 2, 1997 to April 7, 1997, the price of HealthTech warrants rose from approximately $.25 to $.625.

57. As a result of the illegal sales practices of the defendants and others, from on or about April 1, 1997, through on or about April 30, 1997, Meyers Pollock's retail customers also purchased approximately 175,500 shares of HealthTech common stock. These purchases amounted to approximately 31.21% of all retail customer purchases in HealthTech stock during this period.

**May 1997 HealthTech Trading**

58. As a result of the illegal sales practices of the defendants and others, from on or about May 1, 1997, through on or about May 30, 1997, Meyers Pollock's retail clients purchased approximately 2,429,400 HealthTech warrants. Meyers Pollock's purchases amounted to approximately 86.24% of all retail customer purchases in HealthTech warrants during this period.

59. As a result of the illegal sales practices of the defendants and others, from on or about May 1, 1997 through on or about May 30, 1997, Meyers Pollock's retail customers purchased approximately 407,650 shares of HealthTech common stock. These purchases amounted to approximately 39.96% of all retail customer purchases in HealthTech stock during this period.

60. Between on or about May 1, 1997 and May 30, 1997, Meyers Pollock exhibited significant price leadership in HealthTech warrants. During that period, Meyers Pollock entered the high bid, either exclusively or shared, for HealthTech warrants approximately 19.45% of the time. In addition, during

the same time period, Meyers Pollock was responsible for approximately 60% of the up ticks in HealthTech warrants.

**June 1997 HealthTech Trading**

61. As a result of the illegal sales practices of the defendants and others, from on or about June 2, 1997, through on or about June 30, 1997, Meyers Pollock's retail clients purchased approximately 495,800 HealthTech warrants. Meyers Pollock's purchases amounted to approximately 83.45% of all retail customer purchases in HealthTech warrants during this period.

62. Between on or about June 2, 1997 and June 30, 1997, Meyers Pollock exhibited significant price leadership in HealthTech warrants. During that period, Meyers Pollock entered the high bid, either exclusively or shared, for HealthTech warrants approximately 82.73% of the time and the exclusive high bid approximately 53.32% of the time. In addition, during the same time period, Meyers Pollock was responsible for approximately 47.83% of the up ticks in HealthTech warrants.

63. EUGENE LOMBARDO, CLAUDIO IODICE and IRWIN SCHNEIDER took advantage of the unlawful demand for HealthTech warrants created by their activities by selling their personal holdings of HealthTech warrants at a substantial profit. From on or about February 25, 1997 to on or about July 25, 1997, LOMBARDO, IODICE and IRWIN SCHNEIDER sold, for a total profit of more than $930,000, almost all of the 1.5 million HealthTech

warrants which they had received from HALL, as described in paragraph 47 above.

**THE CONSPIRACY**

64. From in or about late 1996 up to and including the date of the filing of this Indictment, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, JOE KIRKHAM, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, SAL TADDEO, MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," THOMAS SCARPACI, a/k/a "Tommy," and PHIL DEFONTE, the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to commit (1) securities fraud in violation of Sections 78j(b) and 78ff of Title 15, United States Code, and Title 17, Code of Federal Regulations, Section 240.10b-5; (2) securities fraud in violation of Sections 77q(a) and 77x of Title 15, United States Code; and (3) wire fraud in violation of Sections 1343 and 1346 of Title 18, United States Code.

## OBJECTS OF THE CONSPIRACY

### Securities Fraud
### In Violation
### Of Section 10(b)

65. It was a part and object of the conspiracy that ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, JOE KIRKHAM, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, SAL TADDEO, MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," THOMAS SCARPACI, a/k/a "Tommy," and PHIL DEFONTE, the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly, would and did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person in

connection with the purchase and sale of securities issued by HealthTech, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

**Securities Fraud**
**In Violation**
**Of Section 17(a)**

66. It was a further part and object of the conspiracy that ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, JOE KIRKHAM, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, SAL TADDEO, MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," THOMAS SCARPACI, a/k/a "Tommy," and PHIL DEFONTE, the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly, in the offer and sale of securities issued by HealthTech by the use of the means and instruments of transportation and communication in interstate commerce and by the use of the mails, directly and indirectly, would and did (a) employ devices, schemes and artifices to defraud, (b) obtain money and property by means of untrue statements of material facts and omitting to state material facts necessary to make statements made, in the light of the circumstances under which they were made, not misleading, and (c) engage in transactions, practices, and courses of business which operated and would

operate as a fraud and deceit upon the purchaser, in violation of Title 15, United States Code, Sections 77q(a) and 77x.

**Wire Fraud**

67. It was a further part and object of the conspiracy that ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, JOE KIRKHAM, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, SAL TADDEO, MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," THOMAS SCARPACI, a/k/a "Tommy," and PHIL DEFONTE, the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly, having devised a scheme and artifice to defraud, including a scheme and artifice, among other things, to (a) deprive a broker's customer of the intangible right to a broker's honest services, (b) violate a broker's duty to disclose to his customer all material facts concerning securities transactions in the customer's account, and (c) obtain the customer's money and property, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, signs, signals and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 1346.

**MEANS AND METHODS OF THE CONSPIRACY**

68. Among the means and methods by which ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, JOE KIRKHAM, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, SAL TADDEO, MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," THOMAS SCARPACI, a/k/a "Tommy," and PHIL DEFONTE, the defendants, and their co-conspirators, would and did carry out the conspiracy were the following:

69. In or about December 1996, EUGENE LOMBARDO, CLAUDIO IODICE and IRWIN SCHNEIDER entered into an agreement with GORDON HALL unlawfully to raise the price and volume of HealthTech securities in exchange for payments by HALL to LOMBARDO, IODICE and IRWIN SCHNEIDER in the form of HealthTech securities.

70. In or about January 1997, EUGENE LOMBARDO, IRWIN SCHNEIDER, and CLAUDIO IODICE entered into an unlawful agreement with ARNOLD SCHNEIDER, LAWRENCE SCHNEIDER and MICHAEL MOTSYKULASHVILI, whereby LOMBARDO, IRWIN SCHNEIDER and IODICE agreed to pay ARNOLD SCHNEIDER, LAWRENCE SCHNEIDER and MOTSYKULASHVILI a percentage of the proceeds of any sales of HealthTech stock to Meyers Pollock customers, with the

understanding that these payments would be used, in part, to pay extraordinary commissions to individuals at Meyers Pollock who sold HealthTech stock to retail customers, and that these payments would not be disclosed to those purchasers of the stock.

71. EUGENE LOMBARDO, CLAUDIO IODICE, IRWIN SCHNEIDER, LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER, SAL TADDEO, MICHAEL MOTSYKULASHVILI and THOMAS SCARPACI hired brokers to work at Meyers Pollock unlawfully to sell HealthTech securities to customers of Meyers Pollock.

72. LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER, SAL TADDEO, MICHAEL MOTSYKULASHVILI and THOMAS SCARPACI, together and with others, employed manipulative and deceptive devices and contrivances, including making material misrepresentations to customers about the nature and quality of HealthTech and its securities, in connection with the offer, purchase and sale of securities issued by HealthTech.

73. EUGENE LOMBARDO, CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, JOE KIRKHAM, LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER, SAL TADDEO, MICHAEL MOTSYKULASHVILI and THOMAS SCARPACI, together and with others, sought unlawfully to raise the price of HealthTech common stock and warrants by engaging in a series of manipulative transactions that had the effect of creating the appearance of market interest in HealthTech stock and warrants, and thereby unlawfully to raise the price of HealthTech stock and

warrants, all for the purpose of inducing the purchase and sale of HealthTech stock and warrants by others.

74. EUGENE LOMBARDO, CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER, SAL TADDEO, MICHAEL MOTSYKULASHVILI and THOMAS SCARPACI, together and with others, offered to make and did make unlawful secret payments to securities brokers to induce the brokers to cause their customers to purchase HealthTech stock and warrants, with the understanding that the payments would not be disclosed to the brokers' customers.

75. ROSARIO GANGI, FRANK LINO, ERNEST MONTEVECCHI, JOHN CERASANI, EUGENE LOMBARDO, CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, JOE KIRKHAM, LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER, SAL TADDEO, MICHAEL MOTSYKULASHVILI, THOMAS SCARPACI and PHIL DEFONTE, together and with others, used facilities of interstate commerce, including the use of interstate telephone calls and interstate wire transfers, in furtherance of the objects of the conspiracy.

76. JOHN CERASANI, EUGENE LOMBARDO, CLAUDIO IODICE, IRWIN SCHNEIDER, LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER, SAL TADDEO and MICHAEL MOTSYKULASHVILI, together and with others, under the direction of ROSARIO GANGI, FRANK LINO and ERNEST MONTEVECCHI, used threats of violence in order to maintain control over those who interfered with their unlawful stock market activities.

77. ROSARIO GANGI, FRANK LINO, ERNEST MONTEVECCHI, JOHN CERASANI, EUGENE LOMBARDO, CLAUDIO IODICE, IRWIN SCHNEIDER, LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER, SAL TADDEO, MICHAEL MOTSYKULASHVILI and THOMAS SCARPACI, together with others, used the power and influence of the Genovese Family and the Bonanno Family in order to resolve disputes between the various co-conspirators over control of their unlawful stock market activities.

**OVERT ACTS**

78. In furtherance of said conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about late 1996, GORDON HALL, the defendant, entered into a consulting agreement with N.A. Promotional Services, the consulting firm of EUGENE LOMBARDO, the defendant.

b. On or about January 2, 1997, LAWRENCE SCHNEIDER, a/k/a "Larry," the defendant, spoke with EUGENE LOMBARDO, a/k/a "Gene," the defendant, about the trading volume of HealthTech common stock.

c. On or about January 4, 1997, IRWIN SCHNEIDER, the defendant, spoke with EUGENE LOMBARDO, a/k/a "Gene," the defendant, about increasing the price of HealthTech stock.

d. On or about January 7, 1997, CLAUDIO IODICE, the defendant, discussed the purchase of HealthTech shares with EUGENE LOMBARDO, a/k/a "Gene," and Jonathan Lyons.

e. In or about January and February 1997, JOHN CERASANI, a/k/a "Boobie," the defendant, participated in numerous phone calls and meetings to discuss whether certain individuals would be allowed to work as brokers at the Meyers Pollock New Hyde Park Office.

f. On or about February 12, 1997, FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," LAWRENCE SCHNEIDER, a/k/a "Larry," and ARNOLD SCHNEIDER, the defendants, participated in a meeting at Abbraciemento's restaurant in Brooklyn, New York, to discuss whether certain individuals would be allowed to work as brokers at the Meyers Pollock New Hyde Park Office.

g. On or about February 13, 1997, GORDON HALL, the defendant, directed HealthTech to issue 500,000 HealthTech warrants each to (1) N.A. Promotional Services, the consulting firm of EUGENE LOMBARDO, the defendant; (2) Equities Consulting, the consulting firm of CLAUDIO IODICE, the defendant, and (3) Josh Alexander, the consulting firm of IRWIN SCHNEIDER, the defendant.

h. On or about February 14, 1997, ARNOLD SCHNEIDER, the defendant, spoke with EUGENE LOMBARDO, a/k/a

"Gene," the defendant, about who was working at the Meyers Pollock New Hyde Park Office.

i. On or about February 20, 1997, ARNOLD SCHNEIDER, the defendant, told EUGENE LOMBARDO, a/k/a "Gene," the defendant, that he wanted to "kill" another individual who was selling HealthTech common stock.

j. On or about February 28, 1997, SAL TADDEO, the defendant, spoke with various individuals over the phone about locating office space.

k. In or about March 1997, THOMAS SCARPACI, a/k/a "Tommy," the defendant, assisted in obtaining office space at 100 Wall Street.

l. On or about March 4, 1997, IRWIN SCHNEIDER, MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," and SAL TADDEO, the defendants, met with numerous others at Christina's restaurant in New York, New York to discuss office space at the Meyers Pollock 100 Wall Street Office.

m. On or about March 14, 1997, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," the defendant, spoke to another individual about office space at 100 Wall Street, 14th Floor.

n. On or about April 8, 1997, PHIL DEFONTE, the defendant, spoke with EUGENE LOMBARDO, a/k/a "Gene," the defendant, about whether or not they would "hurt" GORDON HALL.

o. On or about May 1, 1997, PHIL DEFONTE, the defendant, spoke with EUGENE LOMBARDO, a/k/a "Gene," the

defendant, about having a "neutral site" meeting with GORDON HALL and JOE KIRKHAM, the defendants.

p. On or about May 8, 1997, CLAUDIO IODICE, the defendant, spoke with EUGENE LOMBARDO, a/k/a "Gene," the defendant, about meeting at the Meyers Pollock 100 Wall Street Office.

q. On or about May 9, 1997, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," and EUGENE LOMBARDO, a/k/a "Gene," the defendants, together with others, participated in a meeting at Nathan's restaurant in Brooklyn, New York, to discuss whether certain individuals would be allowed to work as brokers at the Meyers Pollock 100 Wall Street Office.

r. In or about May and June 1997, JOE KIRKHAM, the defendant, spoke with EUGENE LOMBARDO, a/k/a "Gene," and CLAUDIO IODICE, the defendants, about the amount of money owed by HealthTech to LOMBARDO and others for their activities with respect to unlawfully raising the price and volume of HealthTech securities.

s. On or about June 6, 1997, CLAUDIO IODICE, the defendant, discussed with EUGENE LOMBARDO, a/k/a "Gene," the defendant, that IODICE told GORDON HALL, the defendant, that IODICE was going to "knife" members of HALL's family.

t. On or about June 6, 1997, GORDON HALL, the defendant, spoke to EUGENE LOMBARDO, a/k/a "Gene," the defendant, about a dispute between HALL and CLAUDIO IODICE, the defendant.

(Title 18, United States Code, Section 371.)

**COUNT FOUR**

The Grand Jury further charges:

**Securities Fraud Through (i) The Use Of Fraudulent And Deceptive Sales Practices, And (ii) The Making Of Illegal Secret Payments To Brokers In Violation Of Section 10(b)**

79. From in or about late 1996 up to and including the date of the filing of this Indictment, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, JOE KIRKHAM, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, SAL TADDEO, MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," and THOMAS SCARPACI, a/k/a "Tommy," the defendants, together with others known and unknown, (i) used and have continued to use fraudulent and deceptive sales practices in connection with the offer, purchase and sale of securities, and made material misrepresentations and omissions in the offer and sale of the securities of HealthTech, and (ii) offered to make and did make unlawful secret payments to securities brokers to induce the brokers to cause their customers to purchase

HealthTech common stock and warrants, with the understanding that the payments would not be disclosed to the brokers' customers, and thereby unlawfully, wilfully, and knowingly, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly, did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person in connection with the purchase and sale of securities issued by HealthTech.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Section 2.)

## COUNT FIVE

The Grand Jury further charges:

**Securities Fraud Through (i) The Use Of Fraudulent And Deceptive Sales Practices, And (ii) The Making Of Illegal Secret Payments To Brokers, In Violation Of Section 17(a)**

80. From in or about late 1996 up to and including the date of the filing of this Indictment, in the Southern District

of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, JOE KIRKHAM, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, SAL TADDEO, MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," and THOMAS SCARPACI, a/k/a "Tommy," the defendants, together with others known and unknown, (i) used and have continued to use fraudulent and deceptive sales practices in connection with the offer, purchase and sale of securities, and made material misrepresentations and omissions in the offer and sale of the securities of HealthTech, and (ii) offered to make and did make unlawful secret payments to securities brokers to induce the brokers to cause their customers to purchase HealthTech common stock and warrants, with the understanding that the payments would not be disclosed to the brokers' customers, and thereby unlawfully, wilfully, and knowingly, in the offer and sale of securities by the use of the means and instruments of transportation and communication in interstate commerce and by the use of the mails, directly and indirectly, did (a) employ devices, schemes, and artifices to defraud, (b) obtain money and property by means of untrue statements of material facts and omitting to state material facts necessary to make statements made, in the light of the circumstances under which they were made, not misleading, and (c) engage in transactions, practices,

and courses of business which operated and would operate as a fraud and deceit upon the purchaser.

(Title 15, United States Code, Sections 77q(a) and 77(x); Title 18, United States Code, Section 2.)

## COUNT SIX

The Grand Jury further charges:

**Manipulation Of HealthTech Securities In Violation Of Section 10(b)**

81. From in or about late 1996 up to and including the date of the filing of this Indictment, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, JONATHAN LYONS, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, SAL TADDEO, MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," and THOMAS SCARPACI, a/k/a "Tommy," the defendants, together with others known and unknown, did effect a series of transactions in a security creating actual and apparent active trading in such a security and raising the price of such security, for the purpose of inducing the purchase of such security by others, and thereby unlawfully, wilfully, and knowingly, by the use of the means and instrumentalities of interstate commerce and of the mails, directly and indirectly, did use and employ, in connection with the purchase and sale of

securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon a person in connection with the purchase and sale of securities issued by HealthTech.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 18, United States Code, Section 2.)

**WIRE FRAUD VIOLATIONS**

**COUNTS SEVEN THROUGH THIRTEEN**

The Grand Jury further charges:

82. On or about the dates set forth below, in the Southern District of New York and elsewhere, the defendants listed below unlawfully, wilfully, and knowingly, having devised a scheme and artifice to defraud, including a scheme and artifice, among other things, to (a) deprive a broker's customer of the intangible right to a broker's honest services, (b) violate a broker's duty to disclose to his customer all material facts concerning securities transactions in the customer's account, and (c) obtain the customer's money and property, did transmit and cause to be transmitted by means of wire

communication in interstate and foreign commerce, the following signs, signals and sounds for the purpose of executing such scheme and artifice:

| **Count** | **Defendant** | **Date** | **Wire Communication** |
|---|---|---|---|
| SEVEN | ROSARIO, GANGI, FRANK LINO, ERNEST MONTEVECCHI, EUGENE LOMBARDO, CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER, MICHAEL MOTSYKULASHVILI | 1/2/97 | Call from (917) 837-6666 to (407) 477-6762 |
| EIGHT | EUGENE LOMBARDO, CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER, MICHAEL MOTSYKULASHVILI | 1/3/97 | Call from (917) 837-6666 to (602) 396-0660 |
| NINE | ROSARIO GANGI, FRANK LINO, ERNEST MONTEVECCHI, EUGENE LOMBARDO, CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER, MICHAEL MOTSYKULASHVILI | 2/14/97 | Call from (917) 837-6666 to (407) 447-2900 |
| TEN | ROSARIO GANGI, FRANK LINO, ERNEST MONTEVECCHI, EUGENE LOMBARDO, CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRFNCE SCHNEIDER, ARNOLD SCHNEIDER, MICHAEL MOTSYKULASHVILI | 4/8/97 | Call from (917) 837-6666 to (407)477-6762 |

| | | | |
|---|---|---|---|
| ELEVEN | EUGENE LOMBARDO, CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER, MICHAEL MOTSYKULASHVILI | 4/8/97 | Call from (917) 837-6666 to (602) 396-0660 |
| TWELVE | ROSARIO GANGI, FRANK LINO, ERNEST MONTEVECCHI, EUGENE LOMBARDO, CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER, MICHAEL MOTSYKULASHVILI | 5/8/97 | Call from (917) 287-4668 to (561) 477-6762 |
| THIRTEEN | EUGENE LOMBARDO, CLAUDIO IODICE, IRWIN SCHNEIDER, GORDON HALL, LAWRENCE SCHNEIDER, ARNOLD SCHNEIDER, MICHAEL MOTSYKULASHVILI | 6/3/97 | Call from (917) 287-4668 to (602) 396-0660 |

(Title 18, United States Code, Sections 1343, 1346 and 2.)

**EXTORTION VIOLATIONS**

**COUNT FOURTEEN**

The Grand Jury further charges:

**Conspiracy To Extort Jonathan Lyons And Meyers Pollock**

83. From in or about January 1997 through in or about March 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, DANNY GUMA and JOSEPH ZIMBARDO, a/k/a "Joe Boy," the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly did combine,

which consent had been induced by the wrongful use of actual and threatened force, violence and fear, and thereby did obstruct, delay and affect commerce.

(Title 18, United States Code, Sections 1951 and 2.)

**COUNT SIXTEEN**

The Grand Jury further charges:

**Conspiracy To Extort HealthTech Principals**

85. From in or about April 1997 through in or about June 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," and CLAUDIO IODICE, the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of Gordon Hall, Joe Kirkham and others who were employed by or operated HealthTech International Inc., which consent had and would have been induced by the wrongful use of actual and threatened force, violence and fear, and would and thereby did obstruct, delay and affect commerce.

(Title 18, United States Code, Section 1951.)

## COUNT SEVENTEEN

The Grand Jury further charges:

**Extortion Of HealthTech Principals**

86. From in or about April 1997 through in or about June 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," and CLAUDIO IODICE, the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly did commit and attempt to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining and attempting to obtain money and property from and with the consent of Gordon Hall, Joe Kirkham and others who were employed by or operated HealthTech International Inc., which consent had and would have been induced by the wrongful use of actual and threatened force, violence and fear, and would and thereby did obstruct, delay and affect commerce.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT EIGHTEEN

The Grand Jury further charges:

**Conspiracy To Extort Victim #1 And Sun Music**

87. In or about August 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a

"Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE and ROBERT SCHWICKRATH, a/k/a "Bobby," the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of Victim #1 and others who were employed by or operated Sun Music Group, Inc., which consent had and would have been induced by the wrongful use of actual and threatened force, violence and fear, and would and thereby did obstruct, delay and affect commerce.

(Title 18, United States Code, Section 1951.)

**COUNT NINETEEN**

The Grand Jury further charges:

**Extortion Of Victim #1 And Sun Music**

88. In or about August 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE and ROBERT SCHWICKRATH, a/k/a "Bobby," the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly did commit and attempt to commit

extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining and attempting to obtain money and property from and with the consent of Victim #1 and others who were employed by or operated Sun Music Group, Inc., which consent had and would have been induced by the wrongful use of actual and threatened force, violence and fear, and would and thereby did obstruct, delay and affect commerce.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT TWENTY

The Grand Jury further charges:

**Conspiracy To Extort Victim #2 And TAJ Global Equities**

89. From in or about August 1997 through in or about October 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE and ROBERT SCHWICKRATH, a/k/a "Bobby," the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly did combine, conspire, confederate and agree together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining money and property from and with the consent of Victim #2 and others who were employed by or operated TAJ Global Equities, Inc., which consent had and would have been induced by the wrongful use of

actual and threatened force, violence and fear, and would and thereby did obstruct, delay and affect commerce.

(Title 18, United States Code, Section 1951.)

**COUNT TWENTY-ONE**

The Grand Jury further charges:

**Extortion Of Victim #2 And TAJ Global Equities**

90. From in or about August 1997 through in or about October 1997, in the Southern District of New York and elsewhere, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE and ROBERT SCHWICKRATH, a/k/a "Bobby," the defendants, together with others known and unknown, unlawfully, wilfully, and knowingly did commit and attempt to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by obtaining and attempting to obtain money and property from and with the consent of Victim #2 and others who were employed by or operated TAJ Global Equities, Inc., which consent had and would have been induced by the wrongful use of actual and threatened force, violence and fear, and would and thereby did obstruct, delay and affect commerce.

(Title 18, United States Code, Sections 1951 and 2.)

**BANK FRAUD VIOLATIONS**

**COUNT TWENTY-TWO**

The Grand Jury further charges:

**Conspiracy To Defraud Staten Island Savings Bank**

91. From in or about October 1997 through in or about November 1997, in the Southern District of New York and elsewhere, EUGENE LOMBARDO, a/k/a "Gene," the defendant, together with others known and unknown, unlawfully, wilfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, violations of Section 1344 of Title 18, United States Code.

92. It was a part and object of the conspiracy that EUGENE LOMBARDO, a/k/a "Gene," the defendant, together with others known and unknown, unlawfully, wilfully, and knowingly would and did execute a scheme and artifice to defraud a financial institution, to wit, Staten Island Savings Bank, and to obtain moneys, funds, credits, assets, securities and other property owned by or under the custody and control of said financial institution, by means of false and fraudulent pretenses, representations and promises, in violation of Section 1344 of Title 18, United States Code.

OVERT ACTS

93. In furtherance of said conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about October 14, 1997, EUGENE LOMBARDO, a/k/a "Gene," the defendant, called Eddie Nagel, a co-conspirator not named as a defendant herein, at 2 East End Avenue, New York, New York, and provided Nagel account information for 263 Avenue U. Corp.

b. On or about October 16, 1997, Eddie Nagel caused a deposit of approximately $440,000 into the account of 263 Avenue U. Corp. at Staten Island Savings Bank, Staten Island, New York.

(Title 18, United States Code, Section 371.)

COUNT TWENTY-THREE

The Grand Jury further charges:

**The Staten Island Savings Bank Fraud**

94. From in or about October 1997 through in or about November 1997, in the Southern District of New York and elsewhere, EUGENE LOMBARDO, a/k/a "Gene," the defendant, together with others known and unknown, unlawfully, wilfully, and knowingly did execute and attempt to execute a scheme and artifice to defraud a financial institution, to wit, Staten Island Savings Bank, and to obtain moneys, funds, credits,

assets, securities and other property owned by or under the custody and control of said financial institution, by means of false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Sections 1344 and 2.)

**FORFEITURE ALLEGATIONS RELATING TO COUNTS ONE AND TWO**

95. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963.

96. The defendants, ROSARIO GANGI, a/k/a "Rossi," a/k/a "Ross," FRANK LINO, a/k/a "Curly," ERNEST MONTEVECCHI, a/k/a "Butch," a/k/a "Green Eyes," JOHN CERASANI, a/k/a "Boobie," EUGENE LOMBARDO, a/k/a "Gene," CLAUDIO IODICE, IRWIN SCHNEIDER, ROBERT SCHWICKRATH, a/k/a "Bobby," GORDON HALL, LAWRENCE SCHNEIDER, a/k/a "Larry," ARNOLD SCHNEIDER, and MICHAEL MOTSYKULASHVILI, a/k/a "Mike the Russian," a/k/a "Mike Laville," the defendants, (i) have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), and (ii) have property constituting, and derived from, proceeds which they obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, thereby making such property, or an amount of cash equivalent thereto,

forfeitable to the United States of America pursuant to Title 18, United States Code, Sections 1963(a)(1) and 1963(a)(3). The intent of the United States of America to forfeit such property includes, but is not limited to, the following property:

Cash Proceeds

97. The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1) and (a)(3), include but are not limited to at least $1,816,100 and all interests and proceeds traceable thereto, including but not limited to, the following assets:

Property Of EUGENE LOMBARDO

98. All of the defendant EUGENE LOMBARDO's ownership interest in any and all accounts and/or securities or other assets held and/or managed by Newbridge Securities, Inc., including but not limited to, account number 12300087, held in the name of N.A. Promotional Services.

99. All of the defendant EUGENE LOMBARDO's ownership interest in any and all accounts at Citibank, NA, including but not limited to, account number 46791995, held in the name of N.A. Promotional Services, and account number 27106278, held in the name of EUGENE LOMBARDO.

100. All of the defendant EUGENE LOMBARDO's ownership interest in any and all accounts at Olympian Bank, including but

not limited to, account number 5110011250, held in the name of ENA Communications, Inc.

101. All of the defendant EUGENE LOMBARDO's ownership interest in any and all accounts and/or securities or other assets held and/or managed by Olde Discount Stockbrokers, including but not limited to any account number held in the name of 263 Avenue U Corp.

102. All of the defendant EUGENE LOMBARDO's ownership interest in any and all accounts at Staten Island Savings Bank, including but not limited to, account number 193600167, held in the name of 263 Avenue U Corp.

103. All of the defendant EUGENE LOMBARDO's ownership interest and/or beneficial ownership interest in the shares, securities, or other assets of the Staten Island Savings Bank or Staten Island Bank Corp. (including any subsidiary, affiliate, successor, or company formed as a result of any merger, acquisition or business combination thereof).

<u>Property Of CLAUDIO IODICE</u>

104. All of the defendant CLAUDIO IODICE's ownership interest in any and all accounts and/or securities or other assets held and/or managed by Newbridge Securities, Inc., including but not limited to, account number 12300090, held in the name of Equities Consulting, Inc, and account number 12300102, held in the name of CLAUDIO IODICE.

105. All of the defendant CLAUDIO IODICE's ownership interest in any and all accounts at Nations Bank, including but not limited to, account number 3604022452, held in the name of CLAUDIO IODICE.

Property Of IRWIN SCHNEIDER

106. All of the defendant IRWIN SCHNEIDER's ownership interest in any and all accounts and/or securities or other assets held and/or managed by Newbridge Securities, Inc., including but not limited to, account number 12300091, held in the name of Josh Alexander Associates.

107. All of the defendant IRWIN SCHNEIDER's ownership interest in any and all accounts at Chase Manhattan Bank, Inc., including but not limited to, account number 191-0652158-65, held in the name of Josh Alexander Associates, Irwin Schneider, and/or Arlene Schneider.

Substitute Assets Provision

108. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants--

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property, including, but not limited to, the following property:

Substitute Assets Of IRWIN SCHNEIDER

109. All of the defendant IRWIN SCHNEIDER's right, title and interest in the real property and appurtenances thereto known as 19322 Chapel Creek Drive, Boca Raton, Florida, listed as Lot 31, of CHAPEL CREEK, according to the Plat thereof, recorded in Plat Book 47, Page 92, Public Records of Palm Beach County, Florida.

Substitute Assets Of CLAUDIO IODICE

110. One 1997 Powerplay, 32 foot, 7 inches, inboard/outboard motor boat, Registration No. FL7949JU, Decal No. A057239-97, Title No. 1991117.

Substitute Assets Of ERNEST MONTEVECCHI

111. All of the defendant ERNEST MONTEVECCHI's right, title and interest in the real property and appurtenances thereto known as 31 Hospital Road, Delaware, New York, listed as Section

4, Block 1, Lot 37.3, being further described in Liber 1902, Page 426, in the records of the Sullivan County Clerk's Office, New York, having the following legal description:

All that piece or parcel of land situate in the Town of Delaware, County of Sullivan and State of New York, and being a portion of Farm Lots No. 6 and No. 7 in Division No. 58 of Great Lot No. 1 of the Hardenburgh Patent, and more particularly described as follows:

BEGINNING at a point in the center of Town Highway No. 31 (Hospital Road) at the most easterly corner of the lands of Kelly (Liber 508, Page 257), said point being opposite an iron pin in the corner of a stone wall on the westerly side of said highway; thence N. 68 degrees 05' West for 1450.1 feet in the line of the lands of said Kelly (Liber 508, Page 257 and Liber 508, Page 347), as evidenced by a stone wall and a continuation thereof in the line of the lands of Urban (Liber 633, Page 128) to an iron pipe; thence North 21 degrees 22' East for 300.0 feet in the line of the lands of Caliendo and Coletti (Liber 780, Page 439) to an iron pipe; thence South 68 degrees 05' East for 1451.1 feet in the line of the lands of said Caliendo and Coletti, to a point in the center of the above mentioned highway, said point being opposite an iron pipe and stones on the westerly side of said highway; thence the following three courses along the center of said highway - South 19 degrees 33' West for 47.1 feet; South 21 degrees 37' West for 199.0 feet and South 23 degrees 11' West for 53.9 feet to the point or place of beginning, containing 10+/- acres of land as surveyed September 1980 by John Kestler, Land Surveyor, Yulan, New York.

BEARINGS referred to above are magnetic north 1980.

EXCEPTING and RESERVING any right of way acquired for highway purposes.

<u>Substitute Assets Of EUGENE LOMBARDO</u>

112. All of the defendant EUGENE LOMBARDO's ownership interest in any and all accounts at Marine Midland Bank, including but not limited to, account number 930-0018482, held in the name of EUGENE LOMBARDO.

(Title 18, United States Code, Section 1963.)

**FORFEITURE ALLEGATIONS RELATING TO COUNT TWENTY-FIVE**

113. The allegations contained in Count Twenty-Five of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982.

114. Pursuant to Title 18, United States Code, Section 982(a)(2)(A), upon conviction, EUGENE LOMBARDO, a/k/a "Gene," the defendant, shall forfeit to the United States all right, title and interest in any and all property constituting, and derived from proceeds, obtained directly and indirectly, as a result of the violation of Title 18, United States Code, Sections 1344 and 2.

115. The intent of the United States of America to forfeit such property includes, but is not limited to, the following property:

(a) All of the defendant EUGENE LOMBARDO's ownership interest in any and all accounts at Staten Island Savings Bank, including but not limited to, account number 193600167, held in the name of 263 Avenue U Corp.

(b) All of the defendant EUGENE LOMBARDO's ownership interest in the shares, securities, or other assets of the Staten Island Savings Bank or Staten Island Bank Corp. (including any subsidiary, affiliate, successor, or company formed as a result of any merger, acquisition or business combination thereof).

Substitute Assets Provision

116. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant--

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property, including any and all property and other

interests belonging to, or owed to, or controlled in whole or in part by the defendant, EUGENE LOMBARDO.

(Title 18, United States Code, Section 982.)

FOREPERSON

MARY JO WHITE
United States Attorney

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:97-cr-01215-DC-9
## Internal Use Only

Case title: USA v. Gangi, et al

Date Filed: 11/25/1997
Date Terminated: 11/01/1999

---

Assigned to: Judge Denny Chin

Appeals court case number: 99-1675.

**Defendant (9)**

**Gordon Hall**
*TERMINATED: 11/04/1999*

A TRUE COPY
J. MICHAEL McMAHON, CLERK
BY 8/25/08
DEPUTY CLERK

represented by **Jonathan Marks**
Jonathan Marks P.C.
220 5th Avenue
3rd Floor
New York, NY 10001
(212) 545-8008
Fax: (212) 889-3595
Email: jonmarkspc@gmail.com
*LEAD ATTORNEY*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1962(d) RACKETEERING CONSPIRACY (1s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 87 months. Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years. |
| 18:1962(c) RACKETEERING (2s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 87 months. Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years. |
| 18:371 CONSPIRACY TO DEFRAUD THE UNITED STATES (3s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 87 months. Upon release from |

| | |
|---|---|
| | imprisonment, the defendant shall be on supervised release for a term of 3 years. |
| 15:78j(b),78ff,18:2 SECURITIES FRAUD (4s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 87 months. Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years. |
| 15:77q(a),77(x);18:2 SECURITIES FRAUD (5s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 87 months. Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years. |
| 15:78j(b),78ff;18:2 SECURITIES FRAUD (6s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 87 months. Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years. |
| 18:1343,1346,2 WIRE FRAUD (7s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 87 months. Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years. |
| 18:1343 WIRE FRAUD (8s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 87 months. Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years. |
| 18:1343,1346,2 WIRE FRAUD (9s-10s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 87 months. Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years. |
| 18:1343 WIRE FRAUD (11s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 87 months. Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years. |

| | |
|---|---|
| 18:1343 WIRE FRAUD (13s) | The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 87 months. Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1962-4999.F RICO CONSPIRACY (1) | All open counts are dismissed on the motion of the United States. |
| 18:1962-4999.F RICO (2) | All open counts are dismissed on the motion of the United States. |
| 18:371.F CONSPIRACY TO DEFRAUD THE UNITED STATES (3) | All open counts are dismissed on the motion of the United States. |
| 15:78J.F SECURITIES FRAUD (4) | All open counts are dismissed on the motion of the United States. |
| 15:77Q.F SECURITIES FRAUD (5) | All open counts are dismissed on the motion of the United States. |
| 15:78J.F SECURITIES FRAUD (6) | All open counts are dismissed on the motion of the United States. |
| 15:77Q.F SECURITIES FRAUD (7) | All open counts are dismissed on the motion of the United States. |
| 15:78J.F SECURITIES FRAUD (8) | All open counts are dismissed on the motion of the United States. |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION (9) | All open counts are dismissed on the motion of the United States. |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION (10) | All open counts are dismissed on the motion of the United States. |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION (11) | All open counts are dismissed on the motion of the United States. |
| 18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION (12) | All open counts are dismissed on the motion of the United States. |
| 18:1343,1346,2 WIRE FRAUD (12s) | All open counts are dismissed on the motion of the United States. |

18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION (13) — All open counts are dismissed on the motion of the United States.

18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION (14) — All open counts are dismissed on the motion of the United States.

18:1343.F FRAUD BY WIRE, RADIO, OR TELEVISION (15) — All open counts are dismissed on the motion of the United States.

**Highest Offense Level (Terminated)**

Felony

**Complaints** | **Disposition**

None

---

**Plaintiff**

**United States Of America**

represented by **Jay Holtmeier**
Assistant United States Attorney
Mary Jo White, United States Attorney
Criminal Division
One St. Andrew's Plaza
New York, NY 10007
(212) 791-8687
*LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/24/1997 | 1 | SEALED INDICTMENT as to Rosario Gangi (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 14, 16, 17, 18, 19, 20, 21, 22, 23, Frank Lino (2) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 14, 16, 17, 18, 19, 20, 21, 22, 23, Ernest Montevecchi (3) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 14, 16, 17, 18, 19, 20, 21, 22, 23, John Cerasani (4) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 16, 17, Eugene Lombardo (5) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, Claudio Iodice (6) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, Irwin Schneider (7) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, Robert Schwickrath (8) count(s) 1, 2, 20, 21, 22, 23, Gordon Hall (9) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, Joe Kirkham (10) count(s) 3, 4, 5, 6, Jonathan Lyons (11) count(s) 3, 4, 5, 6, 7, 8, Lawrence - Schneider (12) count(s) 3, 4, 5, 6, 7, 8, Arnold Schneider (13) count(s) 3, 4, 5, 6, 7, 8, Sal Taddeo (14) count(s) 3, 4, 5, 6, 7, 8, Michael Motsykulashvili (15) count(s) 3, 4, 5, 6, 7, 8, Thomas Scarpaci (16) |

| | | |
|---|---|---|
| | | count(s) 3, 4, 5, 6, 7, 8, Phil DeFonte (17) count(s) 3, Eddie Nagel (18) count(s) 24, 25, Danny Guma (19) count(s) 16, 17 (bh) (Entered: 11/25/1997) |
| 11/25/1997 | 2 | ORDER as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence - Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, Unsealing Indictment ( Signed by Magistrate Judge Douglas F. Eaton ); Copies mailed. (bh) (Entered: 11/26/1997) |
| 11/25/1997 | | Indictment unsealed as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence - Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma (bh) (Entered: 11/26/1997) |
| 11/25/1997 | | (Court only) **Remove sealed flag - case no longer sealed as to any party. (bh) (Entered: 11/26/1997) |
| 11/25/1997 | | (Court only) **Added Government Attorney Jay Holtmeier (bh) (Entered: 11/26/1997) |
| 11/25/1997 | 35 | Post Indictment Restraining Order Pursuant to 18 U.S.C. 1963(d)(1)(A) and 982 (a)(2)(A) and (b). by USA as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Eddie Nagel. It is Hereby Ordered that defendants and all attorneys and all other persons acting for or in concert with the above named defendants, businesses and/or entities having actual knowledge of this order shall not take any action prohibited bt this order and shall not transfer,sel,assign, pledge,hypothecate,encumber,or dispose of in any manner; or take any action that would depreciate, damage or in any way diminsh the value of property belonging to or owed to or controlled in part by the defendants. It is further Ordered that the United States Attorney's Office in its direction, is authorized to direct the release of assets restrained herein. So Ordered..............Scheindlin, DJ (bh) (Entered: 12/04/1997) |
| 11/25/1997 | | ARREST of Gordon Hall in District of Arizona. (gq) (Entered: 12/16/1997) |
| 12/04/1997 | | CASE assigned to Judge Denny Chin (mr) (Entered: 11/19/2001) |
| 12/08/1997 | | Pre-Trial Conference as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma held. Deft. Gangi present w/atty Joseph Trocopina. AUSA Jay |

| | | |
|---|---|---|
| | | Holtmeier and Douglas Lankler. Detained. Deft. Lino present w/atty Matthew Mari. Bail cont'd. Deft. Montevecchi present w/atty Brian Monsbury. Bail cont'd. Deft. Cerasani present w/atty Elliot Blumentahl. Bail cont'd. Deft. Lombardo present w/atty Ralph Cafaro. Bail cont'd. Deft. Iodice present w/atty Jeffrey Licthman. Bail cont'd. Deft. Irwin Schneider present w/atty Francis Murray. Bail cont'd. Deft. Schwickrath present w/atty Vincent Gelardi, bail cont'd. Deft. Hall not present. Deft. Kirkham not present. Deft. Lyons present w/atty Sarah Gold. Bail cont'd. Deft. Lawrence Schnieder present w/atty Howard Hess. Bail cont'd. Deft. Arnold Schneider present w/atty Howard Heiss. Bail cont'd. Deft. Sal Taddeo present w/atty Michael Mackowitz. Bail cont'd. Deft. Motsykulashvili present w/aty Barry Turner. Bail cont'd. Deft. Scarpaci present w/atty James DiPietro. Bail cont'd. Deft. Defonte present w/atty Joseph Sorrentio. Bail cont'd. Deft. Nagel present w/atty Douglas Grover. Bail cont'd. Deft. Guma present w/atty Daniel Conti. Bail cont'd. PTC held an concluded. Next PTC set for 3/4/98 at 4:30. T/E from 12/8/97-3/4/98. (rag) (Entered: 06/10/1999) |
| 12/08/1997 | | Pre-Trial Conference as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma set at 4:30 3/4/98 for Rosario Gangi, for Frank Lino, for Ernest Montevecchi, for John Cerasani, for Eugene Lombardo, for Claudio Iodice, for Irwin Schneider, for Robert Schwickrath, for Gordon Hall, for Joe Kirkham, for Jonathan Lyons, for Lawrence Schneider, for Arnold Schneider, for Sal Taddeo, for Michael Motsykulashvili, for Thomas Scarpaci, for Phil DeFonte, for Eddie Nagel, for Danny Guma (rag) (Entered: 06/10/1999) |
| 12/08/1997 | | (Court only) **Excludable XT start as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma (rag) (Entered: 06/10/1999) |
| 12/16/1997 | 58 | Rule 40 Documents as to Gordon Hall received from District of Arizona. (gq) (Entered: 12/16/1997) |
| 01/05/1998 | 68 | SEALED DOCUMENT as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma (da) (Entered: 01/06/1998) |
| 01/07/1998 | 69 | Filed letter by Ivan K. Mathew to Mr. Holtmeier requesting that Mr. Holtmeier not have any ex parte contacts with any judge or magistrate, |

| | | |
|---|---|---|
| | | including but not limited to the Honorable Denny Chin and the Honorable Virginia Mathis and her staff. (ba) (Entered: 01/07/1998) |
| 01/08/1998 | 70 | Filed letter by Gordon Hall, dtd 12/3/97 to Judge Katz re: request that we be excused from the scheduled appearance on Thursday, Dec. 4, 1997. (ys) Modified on 01/08/1998 (Entered: 01/08/1998) |
| 01/09/1998 | 76 | Filed Memo-Endorsement on letter dated January 7, 1998 from AUSA Jay Holtmeier and AUSA Douglas M. Lankler to Judge Chin as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, requesting a two-day extension, to January 9, 1998, of its time to produce the initial phase of discovery. ( Signed by Judge Denny Chin ) (ba) (Entered: 01/09/1998) |
| 01/21/1998 | 77 | MOTION by Gordon Hall for admission of out-of-state counsel pro hac vice. (ba) (Entered: 02/04/1998) |
| 02/02/1998 | 81 | Filed letter by AUSA Jay Holtmeier, dtd 1/20/98 to Judge Chin re: the Gov't requests that the Court issue an order sealing all papers filed in connection with this motion until further order of the Court.... (ys) (Entered: 02/03/1998) |
| 02/03/1998 | | Filed Memo-Endorsement on motion as to Gordon Hall granting [77-1] motion for admission of out-of-state counsel pro hac vice. as to Gordon Hall (9) ( Signed by Judge Denny Chin ) (ba) Modified on 02/04/1998 (Entered: 02/04/1998) |
| 02/03/1998 | 82 | Filed letter dated 1/30/98 to Judge Chin from Joseph Tacopinai. Re: Objections of Messrs. (mb) (Entered: 02/05/1998) |
| 02/05/1998 | 83 | SEALED DOCUMENT as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma (af) (Entered: 02/05/1998) |
| 02/05/1998 | 86 | MEMORANDUM of Law by USA as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma in support of the Government's motion seeking (1) the return of government work product, and (2) the disqualification of certain defense counsel (ba) (Entered: 02/09/1998) |
| 02/06/1998 | 85 | SEALED DOCUMENT as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan |

| | | |
|---|---|---|
| | | Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma (sp) (Entered: 02/06/1998) |
| 02/06/1998 | 87 | SEALED DOCUMENT as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma (af) (Entered: 02/09/1998) |
| 02/09/1998 | 88 | Filed Memo-Endorsement on letter dated 2/5/98 to Judge Chin signed by AUSA Celeste L. Koeleveld as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, requesting a 3 week adjournment of the discovery deadline, from 2/6/98 until 2/27/98....Approved. ( by Judge Denny Chin ); Copies mailed. (mr) (Entered: 02/10/1998) |
| 02/09/1998 | 89 | SEALED DOCUMENT as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma (af) (Entered: 02/11/1998) |
| 02/19/1998 | 93 | ORDER as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, Oral argument on the government's motion to compel the return of the government's prosecution memorandum and disqualify certain defense counsel is hereby scheduled for 3/4/98 at 4:00 pm. The pretrial conference originally scheduled for 4:30 pm the same day shall take place immediately after argument. A copy of this order will be faxed to the government, Ivan K. Mathew, Esq., James J. McGuire, Esq., Howard E. Heiss, Esq., and Thomas Connelly, esq. The government shall fax a copy of this order to all remaining defense counsel. ( Signed by Judge Denny Chin ); Copies mailed. (mr) (Entered: 02/19/1998) |
| 02/19/1998 | 94 | ORDER as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, Ivan K. Matthew, Esq., James J. McGuire, Esq., and counsel for the government shall appear for the conference on 2/20/98 at 4:15 pm. ( Signed by Judge |

| | | |
|---|---|---|
| | | Denny Chin ); Copies mailed. (mr) (Entered: 02/19/1998) |
| 02/20/1998 | 96 | SEALED DOCUMENT as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma (sp) (Entered: 02/24/1998) |
| 02/24/1998 | | Pre-Trial Conference as to Gordon Hall held. Deft. Hall present w/atty John Dowd, James McGuire, Ivan Matthew. AUSA Celeste Koelveld, David Kelley, Dave Lankler and Jason Sabot. Atty David Zenky present for Ivan Matthew. PTC held and concluded. Prosecution memo discussed. (rag) (Entered: 06/10/1999) |
| 02/25/1998 | 98 | ORDER as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, unsealing the following documents 1. Order dated Feb. 4, 1998; 2. Affidavit of Ivan K. Mathew dated Feb. 9, 1998; Affidavit of Marion E. Drake dated Feb. 9, 1998; and 4. Letter from James J. McGuire to the dated Feb. 6, 1998 (the "2/6/98 McGuire letter"). In addition, the Clerk of the Court shall docket and file the following letters, which are attached.... 1. The 2/6/98 McGuire Letter; 2. Letter from Mathew J. Mari to the Court dated Feb. 6, 1998; 3. Letter from Mathew J. Mari to the Court dated Feb. 19, 1998; and 4. Letter from James DiPietro to the Court dated Feb. 24, 1998 So Ordered: ( Signed by Judge Denny Chin ); Copies mailed. (ys) (Entered: 02/26/1998) |
| 02/25/1998 | 103 | MOTION by Gordon Hall For an order granting admission pro hac vice of John M. Dowd, Esq. and Leslei M. Turner, Esq. of the law firm of Akin, Gump, Strauss, Hauer, and Feld, L.L.P. to appear and participate in the above-captioned matter before this court and for such other and further relief as this Court deems just and proper under the circumstances. (mr) (Entered: 02/27/1998) |
| 02/26/1998 | 100 | Filed letter by James J. McGuire, atty for Gordon Hall, dtd 2/6/98 re: Affidavit of Ivan K. Mathew, Esq. will be filed under sealed. (ys) (Entered: 02/26/1998) |
| 03/03/1998 | 104 | JOINT RESPONSE OF DEFENDANTS GORDON HALL AND JOE KIRKHAM TO GOVERNMENT'S MOTION SEEKING (1) THE RETURN OF GOVERNMENT WORK PRODUCT, AND (2) THE DISQUALIFICATION OF CERTAIN DEFENSE COUNSEL. (ys) (Entered: 03/03/1998) |
| 03/04/1998 | | Pre-Trial Conference as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan |

| | | |
|---|---|---|
| | | Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma held. Deft. Gangi present w/atty Joseph Tacopina. AUSA Doug Lankler, Jason Sabot and Celeste Koeleveld. Detained. Deft. Lino present w/atty Matthew Mari. Bail continued. Deft. Montevecchi present w/atty Brian Marsbury. Bail cont'd. Deft. Cerasani present w/atty Frank Lopez and Elliot Blumenthal . Bail cont. Deft. Lombardo present w/atty Ralph Cafaro. Bail cont'd. Deft. Iodice present w/atty Jeffrey Lichtman. Bail cont'd. Deft. Irwin Schneider present w/atty Frances Murray. Bail cont'd Deft. Irwin Schneider present w/atty Francis Murray. Bail cont'd Deft. Schwickrath present w/atty Douglas Grover and Vince Gerardi. Bail cont'd. Deft. Hall present w/atty James McGuire, Ivan Matthews. Bail cont'd. Deft. Kirkham present w/atty Thomas Connelly, Thomas Marlowe. Bail cont'd. Deft. Lyons present w/atty David Klaffer. Bail cont. Deft. Lawrence Schneider present w/atty Howard Heiss. Bail cont'd. Deft. Arnold Schneider present w/atty Howard Heiss. Bail cont'd. Deft Taddeo present w/atty Michael Mackowitz, Jeffrey Shupack. Bail cont'd. Deft Motsykulashvili present w/atty Barry Turner. Bail cont'd. Deft. Scarpaci present w/atty James D. Pietero. Bail cont'd Deft. Defonte present w/atty Joseph Sorrentino. Bail cont'd. Deft. Nagel present w/atty Larry Silverman. Bail cont'd. Deft. Guma presnet w/atty Daniel Conti. Bail cont'd. PTC held and concluded. Next PTC set for 4/23/98 at 4:30. T/E. from 3/4/-4/23/98. (rag) Modified on 06/10/1999 (Entered: 06/10/1999) |
| 03/04/1998 | | Pre-Trial Conference as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma set at 4:30 4/23/98 for Rosario Gangi, for Frank Lino, for Ernest Montevecchi, for John Cerasani, for Eugene Lombardo, for Claudio Iodice, for Irwin Schneider, for Robert Schwickrath, for Gordon Hall, for Joe Kirkham, for Jonathan Lyons, for Lawrence Schneider, for Arnold Schneider, for Sal Taddeo, for Michael Motsykulashvili, for Thomas Scarpaci, for Phil DeFonte, for Eddie Nagel, for Danny Guma (rag) (Entered: 06/10/1999) |
| 03/04/1998 | | (Court only) **Excludable XT start as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma (rag) (Entered: 06/10/1999) |
| 03/04/1998 | | (Court only) **Excludable XT start as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, |

| | | |
|---|---|---|
| | | Danny Guma (rag) (Entered: 06/10/1999) |
| 03/06/1998 | 115 | Fld. affidavit of Ivan K. Mathew Re: The prosecution memorandum. (rag) (Entered: 03/17/1998) |
| 03/06/1998 | 116 | Fld. affidavit of Marion E. Drake (Secretary to Ivan K. Mathews, Esq.) Re: The Prosecution Memorandum. (rag) (Entered: 03/17/1998) |
| 03/09/1998 | 106 | ORDER as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, The sealed portion of the transcript of the proceedng held on 12/18/97 is hereby unsealed. ( Signed by Judge Denny Chin ); Copies mailed. (mr) (Entered: 03/10/1998) |
| 03/09/1998 | | Filed Memo-Endorsement on letter Motion (doc#103) as to Gordon Hall granting [103-1] motion For an order granting admission pro hac vice of John M. Dowd, Esq. and Leslei M. Turner, Esq. of the law firm of Akin, Gump, Strauss, Hauer, and Feld, L.L.P. to appear and participate in the above-captioned matter before this court and for such other and further relief as this Court deems just and proper under the circumstances. as to Gordon Hall (9) ( Signed by Judge Denny Chin ); Copies mailed. (mr) (Entered: 03/10/1998) |
| 03/09/1998 | 108 | ORDER as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma... As part of its reply papers to be served and filed by March 13, 1998 in connection with its pending motion concerning the disclosure of the prosecution memorandum, the gov't shall provide an affidavit from Assistant United States Attorney Alan Stooks, of the U.S. Attorney's Office in Phoenix, Arisona, that (1) sets forth his recollection of the events in question, (2) states whether he had reviewed the indictment before the Nov. 25, 1997 arraignment, (3) identifies which version, if any, of the indictment he reviewed, i.e., whether it was the final, the copy provided by Agent Young, or some other version, (4) states whether he reviewed the copy of the indictment (and prosecution memorandum) before handing it up to the Mag. Judge at the arraignment, (5) states whether he had reviewed the prosecution memorandum prior tothe arraignment, and, if so, describes the circumstances, and (6) states whether his office generally has an "open file" policy and whether, if so, a document such as a prosecution memorandum would be produced to defense counsel in accordance with any such policy.... ( Signed by Judge Denny Chin ); Copies mailed. (ys) (Entered: 03/10/1998) |

| | | |
|---|---|---|
| 03/11/1998 | 109 | SEALED DOCUMENT as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma (da) (Entered: 03/11/1998) |
| 03/13/1998 | 112 | Filed letter by Celeste L. Koelveld, AUSA as to Rosario Gangi, et al. (mb) (Entered: 03/16/1998) |
| 03/13/1998 | 117 | Filed Reply Memorandum of Law by AUSA In Support of Motion Seeking Return of Gov't Work Product as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma (ys) (Entered: 03/17/1998) |
| 03/16/1998 | 118 | Sur Response of defendant Gordon Hall to Government's Motion Seekiong Return of Government Work Product. (ba) (Entered: 03/18/1998) |
| 03/17/1998 | 114 | TRANSCRIPT of record of proceedings as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma for dates of 12/8/97 before Judge Chin. (ys) (Entered: 03/17/1998) |
| 03/17/1998 | | Pre-Trial Conference Rosario Gangi not present atty Joseph Talpinta present. AUSA Celeste Keleved. Frank Lino not present. Ernest Montevecchi pres w/atty Brian Hasbury. Bail continued. John Cerasani pres w/atty Frank Lopez, bail continued. Eugene Lombardo not/present. Claudio Iodice n/p, Atty Jeffrey Lichtman. Irwin Schneider present w/atty Francis Murray. Bail continued, Robert Schwickrath not present. Gordon Hall not present James McGuire. Joe Kirkham not present. Jonathan Lyons pres w/atty Saul Rotfe. Bail Continued. Lawrence Schneider present w/atty Howard Heiss, bail continued. Arnold Schneider present/atty Howard Heiss . Bail continued. Sal Taddeo not present. Michael Motsykulashvili, not present. Thomas Scarpaci present w/atty James Dipietro. Bail continued, Phil DeFonte not present. Eddie Nagel not present. Danny Guma not present atty Daniel Conti present bail continued. Time excluded from 3/17/98 - 4/23/98. (sl) Modified on 06/15/1999 (Entered: 06/15/1999) |
| 03/24/1998 | 120 | Filed Memo-Endorsement on letter by Ivan K. Mathew, dtd 3/19/98 to Judge Chin re: as to Gordon Hall... request for leave to withdraw as counsel to the defendant....(Signed by Judge Denny Chin ); Copies mailed. (ys) (Entered: 03/25/1998) |

| | | |
|---|---|---|
| 04/07/1998 | 123 | TRANSCRIPT of record of proceedings as to Gordon Hall for dates of 2/24/98. (ba) (Entered: 04/10/1998) |
| 04/20/1998 | 125 | Filed letter by AUSA Celeste L. Koeleveld, dtd 4/13/98 to Judge Chin re: in accordance with the Court's instructions in its April 2, 1998 Order, to identify proposed redactions to the Prosecution Memorandum that is to be provided to the defense.... (ys) (Entered: 04/21/1998) |
| 04/23/1998 | | Pre-Trial Conference held as to Rosario Gangi present w/atty Joseph Tacopina, AUSA Celeste Koeleveld. Douglas and Jason Sabot detained. Frank Lino present w/atty Matthew Mary Bail continued, Ernest Montevecchi present w/atty Brain Hansbury bail continued, John Cerasani present w/atty Frank Lopez bail continued. Eugene Lombardo present w/atty Ralph Cafaro bail continued. Claudio Iodice not present atty Alan Futerfas for Jeff Lichtman. Bail continued, Irwin Schneider present w/atty Francis Murray bail continued, Robert Schwickrath not present Douglas Grover, Gordon Hall present w/atty James McGuire Bail continued, Joe Kirkham present w/atty Tom Connelly Bail continued. Jonathan Lyons present w/atty David Klaffer bail continued. Lawrence Schneider present w/atty Holland Kelsi bail continued, Arnold Schneider present w/atty Holland Kelsi bail continued, Sal Taddeo present w/atty Michael Mackowitz bail continued. Michael Motsykulashvili present w/atty Barry Turner bail continued. Thomas Scarpaci present w/atty James Diprieto bail continued. Phil DeFonte present w/atty Joseph Sorrentino bail continued. Eddie Nagel not present atty Larry Silverman. Danny Guma present w/atty Daniel Conti. (sl) (Entered: 06/15/1999) |
| 05/01/1998 | 132 | ORDER as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, the following documents in the Court's possession have been destroyed: (1) 1 unmarked copy of the prosecution memorandum received from James J. McGuire, Esq., on 12/19/97. (2) 3 unmarked copies of the prosecution memorandum received from Ivan K. Matthew, Es. on 12/22/97. (3) 1 unmarked copy of the prosecution memorandum and draft indictment received from Mr. Blair Dance of Smith Dance & Company via Dan R. Waller, Esq., of Secore & Wallace, L.L.P., on 2/26/98. (4) 7 unmarked copies of the prosecution memorandum received from David A. Donohoe, Jr., Counsel to the Nasdaq Stock Market, Inc., on 2/26/98. (5) 1 copy of the draft indictment with selected portions highlighted from Greg Larson, Esq., via David M. Zensky, Esq., of Akin, Gump, Strauss, Hauer & Feld ("Akin, Gump") on 2/25/98. (6) 1 unmarked copy of the prosecution memorandum and draft indictment received from Stephen Smith of HealthTech International, Inc. ("HealthTech"), via Mr. Zensky of Akin, Gump on 2/25/98. (7) 1 unmarked copy of the prosecution memorandum and draft indictment received from Robert B. Scott, Esq. via Salina Bartunek and Mr. Zensky of Akin, Gumo on 2/25/98. (8) I |

| | | |
|---|---|---|
| | | unmarked copy of the prosecution memorandum and draft indictment received from the files of Tim Williams, formerly of HealthTech, Mr. Zensky of Akin, Gumo on 2/25/98. (9) 1 unmarked copy of the prosecution memorandum received from Sandy Young of HealthTech via Mr. Zensky of Akin, Gumo on 2/25/98. In addition, the draft indictment that was attached to the prosecution memorandum and filed in connection with Gordon Hall's arraignment will be returned to the Government. ( Signed by Judge Denny Chin ); Copies mailed. (mr) (Entered: 05/12/1998) |
| 05/04/1998 | 128 | MEMORANDUM DECISION and ORDER as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, The government's motion approving its proposed redactions to the Prosecution Memorandum is granted. The Prosecution Memorandum shall be produced to defendant, with the approved redactions and subject to the conditions of the protective order imposed above. within one week of this order. ( Signed by Judge Chin ); Copies mailed. (mr) (Entered: 05/05/1998) |
| 05/07/1998 | 129 | TRANSCRIPT of record of proceedings as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma for dates of 3/4/98 before Judge Chin. (ys) (Entered: 05/07/1998) |
| 05/07/1998 | 130 | TRANSCRIPT of record of proceedings as to Rosario Gangi, Ernest Montevecchi, John Cerasani, Claudio Iodice, Irwin Schneider, Gordon Hall, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Thomas Scarpaci for dates of 3/17/98 before Judge Chin. (ys) (Entered: 05/07/1998) |
| 06/11/1998 | 135 | Stipulation and Order substituting attorneys as to Gordon Hall. The undersigned stipulate and consent to the substitution of White & Case, LLP, 1155 Avenue of Americas, New York, NY 10036, Mayer, Brown & Platt, 1675 Broadway, NY, NY 10019, as attorneys for dft. Gordon Hall in the above-captioned action. ( Signed by Judge Denny Chin ); Copies mailed. (mb) (Entered: 06/18/1998) |
| 08/14/1998 | 149 | SEALED DOCUMENT as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma (da) (Entered: 08/14/1998) |

| | | |
|---|---|---|
| 08/31/1998 | 175 | SEALED DOCUMENT as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma (da) (Entered: 09/01/1998) |
| 10/02/1998 | 184 | Filed Memo-Endorsement on letter dated 9/30/98 to Judge Chin signed by AUSA Celeste L. Koeleveld as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, set scheduling order deadlines: Response to motion deadline 10/9/98 for U.S.A. ; Reply to response to motion deadline 10/19/98 for Rosario Gangi, for Frank Lino, for Ernest Montevecchi, for John Cerasani, for Eugene Lombardo, for Claudio Iodice, for Irwin Schneider, for Robert Schwickrath, for Gordon Hall, for Joe Kirkham, for Jonathan Lyons, for Lawrence Schneider, for Arnold Schneider, for Sal Taddeo, for Michael Motsykulashvili, for Thomas Scarpaci, for Phil DeFonte, for Eddie Nagel, for Danny Guma ; Pretrial Conference for 4:30 11/4/98 for Rosario Gangi, for Frank Lino, for Ernest Montevecchi, for John Cerasani, for Eugene Lombardo, for Claudio Iodice, for Irwin Schneider, for Robert Schwickrath, for Gordon Hall, for Joe Kirkham, for Jonathan Lyons, for Lawrence Schneider, for Arnold Schneider, for Sal Taddeo, for Michael Motsykulashvili, for Thomas Scarpaci, for Phil DeFonte, for Eddie Nagel, for Danny Guma ; ( Signed by Judge Denny Chin ); Copies mailed. (mr) (Entered: 10/06/1998) |
| 10/02/1998 | 185 | TRANSCRIPT of record of proceedings as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, held before Judge Chin for dates of 4/23/98. (ls) (Entered: 10/06/1998) |
| 10/19/1998 | 196 | Filed Memo-Endorsement on letter dated 10/5/98 to Judge Chin signed AUSA Celeste L. Koeleveld as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, requesting an additional 10 days, until 10/19/98, for the filing of the Government's motion papers. ( Signed by Judge Denny Chin ); Copies mailed. (mr) (Entered: 11/04/1998) |
| 11/02/1998 | 193 | SEALED DOCUMENT as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin |

| | | |
|---|---|---|
| | | Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma (da) (Entered: 11/02/1998) |
| 11/02/1998 | 194 | Filed Joint reply Memorandum of Law by defendants Ernest Montevecchi, Irwin Schneider, Robert Schwickrath, Gordon Hall, Lawrence Schneider, and Arnold Schnieder in further support of motion to suppress certain electronic surveillance evidence. (mr) (Entered: 11/04/1998) |
| 11/02/1998 | 195 | AFFIRMATION signed by J. Brian Hansbury. (mr) (Entered: 11/04/1998) |
| 11/02/1998 | 203 | (S1) SUPERSEDING INDICTMENT as to Rosario Gangi (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 9s-10s, 12s, 14s-15s, 16s-17s, 18s-21s, Frank Lino (2) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 9s-10s, 12s, 14s-15s, 16s-17s, 18s-21s, Ernest Montevecchi (3) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 9s-10s, 12s, 14s-15s, 16s-17s, 18s-21s, John Cerasani (4) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 14s-15s, Eugene Lombardo (5) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s-10s, 11s, 12s, 13s, 14s-15s, 16s-17s, 18s-21s, 22s, 23s, Claudio Iodice (6) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s-10s, 11s, 12s, 13s, 14s-15s, 16s-17s, 18s-21s, Irwin Schneider (7) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s-10s, 11s, 12s, 13s, 14s-15s, Robert Schwickrath (8) count(s) 1s, 2s, 18s-21s, Gordon Hall (9) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s-10s, 11s, 12s, 13s, Joe Kirkham (10) count(s) 3s, 4s, 5s, Lawrence Schneider (12) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s-10s, 11s, 12s, 13s, Arnold Schneider (13) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s-10s, 11s, 12s, 13s, Sal Taddeo (14) count(s) 3s, 4s, 5s, 6s, Michael Motsykulashvili (15) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s-10s, 11s, 12s, 13s, Thomas Scarpaci (16) count(s) 3s, 4s, 5s, 6s, Phil DeFonte (17) count(s) 3s, Danny Guma (19) count(s) 14s-15s , Joseph Zimbardo (20) count(s) 14-15 (rag) (Entered: 12/04/1998) |
| 11/04/1998 | | Pre-Trial Conference held. Rosario Gangi present w/aty Joseph Tacopina AUSA Douglas Lankler Celeste Kosleveras, deft waives indictment and pleads n/g to S1 97-cr-1215. Detained. Frank Lino present w/atty Matthew Mari, waives indictment bail continued. Ernest Montevecchi present w/atty Brain Mansbury, waives indictment. Bail continued. John Cerasani present w/atty Frank Lopez, waives indictment bail continued. Eugene Lombardo present w/atty Richard Brewster, waives indictment. Bail continued. Claudio Iodice not present. Irwin Schneider present w/atty Darrell Astor, wives indictment, bail continued. Robert Schwickrath present w/atty Douglas Gover , waives indictment, bail continued. Gordon Hall present w/atty Jim McGuire, waives indictment, bail continued. Joe Kirkham present w/atty Thomas Connelly, waives indictment, bail continued. Lawrence Schneider present w/atty Steven Brownstein, waives indictment bail continued. Arnold Schneider present w/atty Michael Washer waives indictment. bail continued. Sal Taddeo present w/atty Micheal Mackowitz, waives indictment bail continued, |

| | | |
|---|---|---|
| | | Michael Motsykulashvili present w/atty Danny Turner, waives indictment. bail continued. Thomas Scarpaci present w/atty James DiPietro, waives indictment. Phil DeFonte, present w/atty Joseph Sorrentino, waives indictment bail continued. Danny Guma present atty Daniel Conti waives indictment bail continued. Joseph Zimbardo not present. Next pretrial conference 1/14/99 at 4:30PM. Time excluded from 11/4/98 - 1/14/99. Trial to commence 2/16/99 at 10:00AM (sl) (Entered: 06/15/1999) |
| 11/04/1998 | | First Appearance as to Gordon Hall held. (dcap) (Entered: 06/16/1999) |
| 11/19/1998 | 201 | SEALED DOCUMENT as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma (da) (Entered: 11/20/1998) |
| 12/11/1998 | 211 | SEALED DOCUMENT as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, Joseph Zimbardo (da) (Entered: 12/16/1998) |
| 12/30/1998 | 216 | ORDER as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, Joseph Zimbardo, The defendants' severence motion, but only to the extent that the RICO defendants will be tried separately from the non-RICO defendants. In all other respects, the motions to sever are denied. ( Signed by Judge Denny Chin ); Copies mailed. (mr) (Entered: 01/13/1999) |
| 01/14/1999 | | Pre-Trial Conference Rosario Gangi present w/atty Joseph Tacopina and Russell Goiiolella. AUSA Celeste Koellvelo, Douglas Lankusa and Jason Jabot. Deft detained., Frank Lino present, atty not present bail continued, Ernest Montevecchi present w/atty Brian Hansbury bail continued. John Cerasani present w/atty Frank Lopez bail continued. Eugene Lombardo present w/atty Richard Brester, Claudio Iodice not present atty delayed not present, Irwin Schneider present w/atty Darrell Paster bail continued, Robert Schwickrath present w/atty Vincent Gelardi by Douglas Grover bail continued, Gordon Hall not present atty Jim McGuire present bail continued, Joe Kirkham present w/atty Thomas Connelly bail continued, Lawrence Schneider present w/atty Steven Brownstein bail continued, Arnold Schneider present w/atty Michael Lashon bail continued, Sal Taddeo present w/atty Michael Mackowitz bail continued, Michael Motsykulashvili present w/atty Barry Turner by Michael Washon Bail continued, Thomas Scarpaci present w/atty Jamees Dipietro bain |

| | | |
|---|---|---|
| | | continued, Phil DeFonte present w/atty Joseph Sorrentino bail continued, Danny Guma present w/atty Daniel Conti Bail continued, Joseph Zimbardo present atty not present. Next pretrial conference set for 1/25/99 at 2PM. Time excluded from 1/14 - 1/25/99 (sl) (Entered: 06/15/1999) |
| 01/25/1999 | | Pre-Trial Conference as to Claudio Iodice, Irwin Schneider, Gordon Hall, Joe Kirkham, Michael Motsykulashvili, Danny Guma, Joseph Zimbardo held. Trial set for Schneider, Hall, Kirkham and Motsykulashvili set for 3/15/99. T/E from 1/25 - 3/15/99. Trial for Guma Zimbardi Set for 4/5/99 at 10:00 T/E from 1/25 4/3/99. (sl) (Entered: 06/16/1999) |
| 01/25/1999 | | (Court only) **Excludable XH start as to Irwin Schneider, Gordon Hall, Joe Kirkham, Michael Motsykulashvili, Danny Guma, Joseph Zimbardo (sl) (Entered: 06/16/1999) |
| 01/25/1999 | | ORAL ORDER as to Irwin Schneider, Gordon Hall, Joe Kirkham, Michael Motsykulashvili , Time excluded from 1/25-3/15 to Continue in Interests of Justice ( Entered by Judge Denny Chin ) (sl) (Entered: 06/16/1999) |
| 01/28/1999 | 224 | AMENDED MEMORANDUM DECISION (as to all defts). Defts motions to suppress the wiretap evidence are denied, except to the extent that any recordings were made after the expiration of the 30-day authorization period, as discussed in this Decision. Any recordings made on the 31st calendar day following commencement of interceptions for Lombardo IX and Lombardo XI are suppressed. ( Signed by Judge Denny Chin ); Copies mailed. (emil) (Entered: 02/02/1999) |
| 02/01/1999 | 226 | ORDER; By letter dated 1/28/99, the government moves for reconsideration of that portion of the Court's decision of 1/14/99, amended 1/27/99, granting defts' motion to suppress conversations intercepted on the thirty-first calendar day following commencement of interceptions. For the reasons set forth in my amended decision, the motion is denied. ( Signed by Judge Denny Chin ); Copies mailed. (emil) (Entered: 02/04/1999) |
| 02/01/1999 | 227 | LETTER filed by U.S.A. as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, Joseph Zimbardo From AUSA Celeste L. Koeleveld, Dated 1/28/99, Addressed to: Judge Chin Re: in support of its request that the Court reconsider its determination, set forth in the Court's January 14,99 Memoraundum Decision.. (mr) (Entered: 02/09/1999) |
| 02/24/1999 | | (Court only) **Excludable XH start as to Gordon Hall (rag) (Entered: 06/10/1999) |
| 03/04/1999 | | (Court only) **Excludable XT start as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, |

| | | |
|---|---|---|
| | | Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma (rag) (Entered: 06/10/1999) |
| 03/09/1999 | 235 | Filed Memo-Endorsement on letter dated 3/5/99 to Judge Chin signed by Cyrus Benson as to Gordon Hall, requesting an extension of time until 3/10/99, for service and filing with the court of any motions in limine....Approved. ( Signed by Judge Denny Chin ) (mr) (Entered: 03/16/1999) |
| 03/09/1999 | 237 | Filed Memo-Endorsement on letter dated 3/1/99 to Judge Gangi signed by James J. McGuire as to Gordon Hall, requesting an adjournment of the scheduled jury trial.... The application for an adjournment of the trial from 3/15/99 until 4/5/99 is denied. Trial will commence on Wed., 3/17/99, at 10:00 am with jury selection. ( Signed by Judge Denny Chin ); Copies mailed. (mr) (Entered: 03/16/1999) |
| 03/11/1999 | 234 | MEMORANDUM of Law by Gordon Hall (by attorney James J. McGuire) in support of defendant's motion in limine as to waiver of Government privileges related to the prosecution memorandum. (Affidavit of Service attached) (bw) (Entered: 03/16/1999) |
| 03/12/1999 | 240 | MEMORANDUM Of Law by (S1 97 Cr. 1215 -9) Gordon Hall (by attorney James J. McGuire, dated 3/11/99) in support of defendant's Motion in Limine to compel production of Brady Material. (Affidavit Service attached.) (bw) Modified on 03/24/1999 (Entered: 03/24/1999) |
| 03/12/1999 | 241 | AFFIRMATION of James J. McGuire in support of the motion in limine of defendant Gordon Hall (S1 97 Cr. 1215 -9) to compel production of Brady Material. (Affidavit of Service, Affidavit of William A. Young, Sr. (copy), Affidavit of Timonthy Williams (copy), Exhibit A and B attached.) (bw) (Entered: 03/24/1999) |
| 03/19/1999 | 245 | Proposed Examination of Jurors by U.S.A. as to Gordon Hall, Michael Motsykulashvili (mr) (Entered: 03/30/1999) |
| 03/22/1999 | 244 | Proposed Voir Dire Questions by Gordon Hall (mr) (Entered: 03/30/1999) |
| 03/22/1999 | | Jury selection as to Gordon Hall, Michael Motsykulashvili held (sl) (Entered: 06/16/1999) |
| 03/22/1999 | | Voir dire begun as to Gordon Hall (9) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s-10s, 11s, 12s, 13s. Deft present w/atty James McGuire and Thomas Mulaney AUSA Celeste Koelevelo, Douglas Lnacer and Jason Sabot. Trial commenced. Jury selection began. (sl) Modified on 06/16/1999 (Entered: 06/16/1999) |
| 03/22/1999 | | Jury selection as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 03/22/1999 | | Jury trial as to Gordon Hall begun (sl) (Entered: 06/16/1999) |

| | | |
|---|---|---|
| 03/22/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 03/23/1999 | 246 | MEMORANDUM by Gordon Hall in support of motion for partial reconsideration of the court's 3/19/99 order. (mr) (Entered: 03/30/1999) |
| 03/23/1999 | 247 | AFFIRMATION signed by Tomas M. Mullivan as to Gordon Hall Re: support of defendant's motion for reconsideration. (mr) (Entered: 03/30/1999) |
| 03/23/1999 | 248 | ORDER as to Gordon Hall, Michael Motsykulashvili denying [169-1] motion directing the government to produce grand jury transcripts and Grand Jury Information and for dismissal based upon insuffiency of the Grand Jury minutes. as to Michael Motsykulashvili (15), denying [169-2] motion to sever the defendant Michael Motsykulashvili from the other defendant as the prejudicial consequences of joiner will deprive the defendant Michael Motsykulashvili of a fair trial. as to Michael Motsykulashvili (15), denying [169-3] motion directing a pretrial hearing to suppress evidence as a result of electronic surveillance and to dismiss the indictment. as to Michael Motsykulashvili (15), denying [169-4] motion to suppress any physical evidence attributable to the defendant and seized in violation of his constitutional rights. as to Michael Motsykulashvili (15), denying [169-5] motion to suppress any statements made by the defendant in violation of Miranda v. Arizona, 384 U.S. 436(19966) as to Michael Motsykulashvili (15), denying [169-6] motion directing the government to firnish the defendant with all exculpatory and other evidence favorable to the defense. as to Michael Motsykulashvili (15), denying [169-7] motion for Disclosure of all statements and reports within the meanings of the Jencks acts. as to Michael Motsykulashvili (15), denying [169-8] motion for Disclosure of of any witnesses, co-defendant or unindicted co-conspirators. as to Michael Motsykulashvili (15), denying [169-9] motion Directing the government to make the confidential informants available to defense counsel at least 2 weeks prior to the date set for trial for the purpose of questioning said witnesses. as to Michael Motsykulashvili (15), denying [169-10] motion directing the government to provide a list of the witnesses the government intends to call at trial and a list of all persons known by the government to have knowledge relevent to the allegations contained in the indictment and/or complaint. as to Michael Motsykulashvili (15), denying [169-11] motion directing the government to give notice of its intentions to use evidence of other crimes, wrongs or bad acts of the defendant and of the general nature of any such evidence it intends to introduce at trial. as to Michael Motsykulashvili (15), denying [169-12] motion instructing the attorney for the government, his representatives and witnesses to refrain from making any direct or indicrect reference. as to Michael Motsykulashvili (15), denying [169-13] motion to join in the motions submitted on behalf of the codefendant of Michael Motsykulashvilli. as to Michael Motsykulashvili (15), denying [169-14] motion granting an extension of time for filing motions, and reserving defendant's rights, in order that new or additional information disclosed by the within motions |

| | | |
|---|---|---|
| | | may be utilized as the basis for any further details or information relevent in any way to this indictment. as to Michael Motsykulashvili (15) ( Signed by Judge Denny Chin ); Copies mailed. (mr) (Entered: 04/01/1999) |
| 03/23/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 03/24/1999 | 249 | AFFIDAVIT signed by William A Young Sr. as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, Joseph Zimbardo. (mr) (Entered: 04/07/1999) |
| 03/24/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 03/24/1999 | | Jury trial as to Gordon Hall continued to 3/30/99 for Gordon Hall (sl) (Entered: 06/16/1999) |
| 03/30/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 03/31/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 04/01/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 04/01/1999 | | Jury trial as to Gordon Hall continued to 4/5/99 for Gordon Hall (sl) (Entered: 06/16/1999) |
| 04/05/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 04/06/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 04/07/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 04/08/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 04/08/1999 | | Jury trial as to Gordon Hall continued to 4/12/99 for Gordon Hall (sl) (Entered: 06/16/1999) |
| 04/12/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 04/13/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 04/13/1999 | | Jury trial as to Gordon Hall continued to 4/19/99 for Gordon Hall (sl) (Entered: 06/16/1999) |
| 04/19/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 04/20/1999 | 252 | Government's Requests to Charge (on S1 97 Cr. 1215) by U.S.A., by Jason Sabot, AUSA. (Certificate of Service attached.) (bw) Modified on 04/28/1999 (Entered: 04/28/1999) |
| 04/20/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 04/20/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 04/21/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |

| | | |
|---|---|---|
| 04/22/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 04/22/1999 | | Jury trial as to Gordon Hall continued to 4/27/99 for Gordon Hall (sl) (Entered: 06/16/1999) |
| 04/27/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 04/30/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 04/30/1999 | | Jury trial as to Gordon Hall continued to 5/3/99 for Gordon Hall (sl) (Entered: 06/16/1999) |
| 05/03/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 05/04/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 05/05/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 05/06/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 05/07/1999 | 257 | ORDER as to Gordon Hall, Michael Motsykulashvili, Defense counsel may not argue to the jury that there can be no unlawful manipulation unless the stock was trading above its actual value or true worth. ( Signed by Judge Denny Chin ); Copies mailed. (sl) (Entered: 05/13/1999) |
| 05/07/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 05/10/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 05/11/1999 | | Jury trial as to Gordon Hall held (sl) (Entered: 06/16/1999) |
| 05/11/1999 | | Jury trial as to Gordon Hall concluded (sl) (Entered: 06/16/1999) |
| 05/11/1999 | | JURY VERDICT as to Gordon Hall, Michael Motsykulashvili Guilty: Gordon Hall (9) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s-10s, 11s, 13s, Michael Motsykulashvili (15) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s-10s, 11s, 13s (sl) (Entered: 06/17/1999) |
| 05/11/1999 | | Sentencing set for 4:30 9/8/99 for Gordon Hall, for Michael Motsykulashvili , Gordon Hall (9) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 9s-10s, 8s, 11s, 13s, Michael Motsykulashvili (15) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 9s-10s, 8s, 11s, 13s (sl) (Entered: 06/17/1999) |
| 05/19/1999 | 260 | Memorandum of Law by Gordon Hall in support of the dft's motion pursuant to Fed. R. Crim. P. 29(a) for a judgment of Acquittal on the Rico counts of the indictment. (mb) (Entered: 05/24/1999) |
| 05/19/1999 | | (Court only) **Terminated party Thomas Scarpaci (16) on 5/19/99. (bw) (Entered: 05/27/1999) |
| 06/01/1999 | 267 | Filed Memo-Endorsement letter addressed to Judge Chin dated 5/21/99 from James J. McGuire atty to Gordon Hall, Request extension of time to file post trial motions until 6/21/99. Approved So Ordered ( Signed by Judge Denny Chin ); Copies mailed. (sl) (Entered: 06/07/1999) |

| | | |
|---|---|---|
| 06/21/1999 | | (Court only) **Terminated party Joe Kirkham (rag) (Entered: 06/30/1999) |
| 06/21/1999 | | (Court only) **Terminated party Arnold Schneider (mr) (Entered: 07/07/1999) |
| 06/21/1999 | | (Court only) **Terminated party Lawrence Schneider (mr) (Entered: 07/07/1999) |
| 06/23/1999 | | (Court only) **Terminated party Phil DeFonte (mr) (Entered: 07/06/1999) |
| 06/25/1999 | | (Court only) **Terminated party John Cerasani (4) on 6/25/99. (bw) (Entered: 07/20/1999) |
| 06/29/1999 | 280 | Filed Memo-Endorsement on as to Gordon Hall (9). On letter dated 6/21/99 from counsel James J. McGuire to Judge Chin requesting an extension until July 19, 1999 for Mr. Hall to submit his post-trial motions due to the reason that Mr. Hall intends to retain new counsel, that Mr. Hall intends that new counsel prepare said motions. - Judge granted request and endorsed: Application granted, but new counsel must be prepared to proceed with Sentencing on 9/8/99.; RESET motion filing deadline for 7/19/99 for Gordon Hall. ( Signed on 6/23/99 by Judge Denny Chin ); Copies mailed. (bw) (Entered: 07/06/1999) |
| 07/19/1999 | 288 | Filed Memo-Endorsement on letter dated 7/16/99 to Judge Chin signed by Gino Josh Singer as to Gordon Hall, requesting an extension of time for the filing of motions....The application is granted, but only to 8/9/99. When I granted Hall's request for substitution of counsel. I made it clear I would not delay the sentencing. I will allow an extension to 8/9/99, bu this is final. If the motions are not filed by then, they are waived. ( Signed by Judge Denny Chin ); Copies mailed. (mr) (Entered: 07/20/1999) |
| 07/19/1999 | | (Court only) **Terminated party Eugene Lombardo (5) on 7/19/99. (bw) (Entered: 07/23/1999) |
| 07/21/1999 | | (Court only) **Terminated party Rosario Gangi (1) on 7/21/99. (bw) (Entered: 07/23/1999) |
| 07/21/1999 | | (Court only) **Terminated party Sal Taddeo (14) on 7/21/99. (bw) (Entered: 07/26/1999) |
| 07/21/1999 | | (Court only) **Terminated party Ernest Montevecchi (sl) (Entered: 07/26/1999) |
| 07/21/1999 | | (Court only) **Terminated party Frank Lino (mr) (Entered: 07/27/1999) |
| 07/21/1999 | | (Court only) **Terminated party Robert Schwickrath (sl) (Entered: 07/28/1999) |
| 08/25/1999 | 306 | ORDER as to Gordon Hall, set scheduling order deadlines: Reply to response to motion deadline 9/3/99 for Gordon Hall ; Response to motion deadline 8/31/99 for U.S.A. ; Pretrial Conference for 9:00 9/7/99 for |

| | | |
|---|---|---|
| | | Gordon Hall ; ( Signed by Judge Denny Chin ); Copies mailed. (sl) (Entered: 08/27/1999) |
| 08/31/1999 | 307 | GOVERNMENT'S MEMORANDUM OF LAW by U.S.A. (by AUSA Celeste L. Koeleveld, dated 8/31/99) as to Gordon Hall (S1 97 Cr. 1215 -9), Michael Motsykulashvili (S1 97 Cr. 1215 -15) in opposition to the defendants' Post-Trial motions. Specifically, Gordon Hall moves for a new trial, pursuant to F.R.C.P. 33, on the ground that he received ineffective assistance from his trial counsel, James J. McGuire, Esq. This motion is untimely and must therefore be dismissed.; Michael Motsykulashvili [301-1] motion Pursuant to Rule 29 of the F.R.C.P., Setting Aside the Verdict and entering a judgment of acquittal and for such other and further relief as to this Court may seem just and proper or may become appropriate as a result of information disclosed pursuant to this motion. ... The evidence presented at trial, however, established that Motsykulashvili and Hall participated in a pattern of racketeering activity involving not only HealthTech securities, but also other potential securities frauds. Accordingly, the defendants' Rule 29 motions should be denied. (Exhibit A attached.) (bw) (Entered: 09/01/1999) |
| 09/07/1999 | | Pre-Trial Conference as to Gordon Hall held. Deft present w/atty Singer. AUSA Koelevald present. Deft motion is denied. Sentence adjourned until 10/8/99 at 10AM. (sl) (Entered: 09/08/1999) |
| 09/07/1999 | | ORAL ORDER as to Gordon Hall , set Sentencing for 10:00 10/8/99 for Gordon Hall ( Entered by Judge Denny Chin ) (sl) (Entered: 09/08/1999) |
| 09/10/1999 | 312 | MEMORANDUM by Gordon Hall in support of post-trial motions. (sl) (Entered: 09/14/1999) |
| 09/10/1999 | 313 | REPLY AFFIDAVIT by Gordon Hall (sl) (Entered: 09/14/1999) |
| 09/13/1999 | 310 | Filed Memo-Endorsement on letter dated 9/10/99 to Judge Chin signed by Jonathan Marks as to Gordon Hall, writing for an order directing James J. McGuire to turn over the discovery material he has received for the government....Hall's reliance on DR 2-110 is mispalced, as the cited provision applies to attoney's who withdraw. As I understand it, Hall discharged White and Case. Nonetheless, White and Case shall produce copies of the discovery materials to Hall's new attorney, but it need not do so unless Hall pays for the copies in advance. ( Signed by Judge Denny Chin ); Copies mailed. (mr) (Entered: 09/13/1999) |
| 09/15/1999 | 315 | Filed Memo-Endorsement on as to Gordon Hall (S1 97 Cr. 1215 -9). On letter dated 9/13/99 from attorney Jonathan Marks to Judge Chin, Judge endorsed: Counsel correctly points out that I overlooked DR 2-110(B)(4). DR 2-110 does apply. DR 2-110(A)(2) provides that withdrawing counsel shall deliver to the client "all papers and property to which the client is entitled." As the annotations to DR 2-110 make clear, the withdrawing attorney (who has been discharged) does not lose his or her right to be paid fees and costs. Hence, my prior order stands. ( Signed on 9/13/99 by Judge Denny Chin ); Copies mailed. (bw) (Entered: 09/17/1999) |

| | | |
|---|---|---|
| 09/15/1999 | 316 | Filed Memo-Endorsement on as to Gordon Hall (9). On letter dated 9/8/99 from attorney Jonathan Marks to Judge Chin requesting the Court accept his substitution as attorney of record in place of Gino Josh, Esq. - Judge endorsed: Accepted. Mr. Singer is relieved, and Mr. Marks may appear in his place.; Substituting attorney: Added Attorney Jonathan Marks. ( Signed on 9/10/99 by Denny Chin ); Copies mailed. (bw) (Entered: 09/17/1999) |
| 09/27/1999 | 322 | SEALED DOCUMENT as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, Joseph Zimbardo (da) (Entered: 09/27/1999) |
| 10/08/1999 | | (Court only) **Terminated party Joseph Zimbardo (20) on 10/8/99. (bw) (Entered: 10/13/1999) |
| 10/25/1999 | 328 | TRANSCRIPT of record of proceedings as to Gordon Hall (9), Michael Motsykulashvili (15) for dates of March 22, 23, 25, 30, 31, 1999 and April 1, 5, 6, 1999 before Hon. Denny Chin. (bw) (Entered: 10/25/1999) |
| 10/25/1999 | 329 | TRANSCRIPT of record of proceedings as to Gordon Hall (9), Michael Motsykulashvili (15) for dates of April 19, 20, 21, 22, 1999, before Hon. Denny Chin. (bw) (Entered: 10/25/1999) |
| 10/25/1999 | 330 | TRANSCRIPT of record of proceedings as to Gordon Hall (9), Michael Motsykulashvili (15) for dates of May 4, 5, 6, 7, 10, 11, 1999, before Hon. Denny Chin. (bw) (Entered: 10/25/1999) |
| 10/25/1999 | 331 | TRANSCRIPT of record of proceedings as to Gordon Hall, Michael Motsykulashvili for dates of April 27-30, May 3, 1999 before Judge Chin. (rag) (Entered: 10/25/1999) |
| 10/25/1999 | 332 | TRANSCRIPT of record of proceedings as to Gordon Hall, Michael Motsykulashvili for dates of April 7,8,12,13,1999 before Judge Chin. (rag) (Entered: 10/25/1999) |
| 10/27/1999 | 333 | SENTENCING MEMORANDUM in opposition to Role Adjustment under U.S.S.G 3B1.1 and enhancement for abuse of trust under U.S.S.G 3B1.3 by Gordon Hall (mr) (Entered: 10/28/1999) |
| 10/27/1999 | 334 | MOTION by Gordon Hall to set bail pending appeal . (sl) (Entered: 10/28/1999) |
| 10/27/1999 | 335 | MEMORANDUM by Gordon Hall in support of [334-1] motion to set bail pending appeal (sl) (Entered: 10/28/1999) |
| 11/01/1999 | 336 | SEALED DOCUMENT as to Rosario Gangi, Frank Lino, Ernest Montevecchi, John Cerasani, Eugene Lombardo, Claudio Iodice, Irwin Schneider, Robert Schwickrath, Gordon Hall, Joe Kirkham, Jonathan Lyons, Lawrence Schneider, Arnold Schneider, Sal Taddeo, Michael |

| | | |
|---|---|---|
| | | Motsykulashvili, Thomas Scarpaci, Phil DeFonte, Eddie Nagel, Danny Guma, Joseph Zimbardo (da) (Entered: 11/01/1999) |
| 11/01/1999 | | Sentencing held Gordon Hall (9) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s-10s, 11s, 13s (mr) (Entered: 11/08/1999) |
| 11/03/1999 | 337 | Filed Memo-Endorsement on letter addressed to Judge Chin from AUSA Celeste L. Koeleveld, dated 11/2/99, as to deft Gordon Hall (9). The Government requests that the Court dismiss the open counts in the underlying indictment, 97 Cr. 1215, against Gordon Hall; Judge granted request. ( Signed on 11/2/99 by Judge Denny Chin ); Copies mailed. (bw) (Entered: 11/04/1999) |
| 11/04/1999 | | DISMISSAL of Count(s) on Government Motion as to Gordon Hall Terminated motions: Counts Dismissed: Gordon Hall (9) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12s, 12, 13, 15 (mr) (Entered: 11/08/1999) |
| 11/04/1999 | 338 | FILED JUDGMENT in a CRIMINAL CASE. Defendant present with attorney Jonathan Marks. The defendant Gordon Hall (9) was found guilty count(s) 1s, 2s , 3s , 4s , 5s , 6s , 7s , 8s , 9s -10s , 11s , 13s after a plea of not guilty. The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. It is ordered that the defendant shall pay a special assessment of $1200, for said counts, which shall be due immediately. It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 87 months. The defendant is remanded tot he custody of the United States Marshal. Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years. The defendant shall provide acces to any requested financial information. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the restitution payment. The defendant shall report to the nearest Probation Office within 72 hours after release from custody. The defendant shall be supervised by the district of residence. The terms and conditions set forth in Exhibit A hereto are incorporated as special conditions of supervision. Gordon Hall (9) count(s) 1, 2 , 3 , 4 , 5 , 6 , 7 , 8 , 9 , 10 , 11 , 12s , 12 , 13 . All open counts are dismissed on the motion of the United States. The defendant shall pay restitution in the amount of $3,895,401.90. Statement of reasons attached. Judgment and Commitment issued to U.S. Marshal ( Signed by Judge Denny Chin ). Docketed as a judgment #99,2688 on 11/9/99. (mr) Modified on 11/10/1999 (Entered: 11/08/1999) |
| 11/04/1999 | | (Court only) **Terminated party Gordon Hall (mr) (Entered: 11/08/1999) |

| | | |
|---|---|---|
| 11/04/1999 | | (Court only) **Terminated party Danny Guma (mr) (Entered: 11/08/1999) |
| 11/09/1999 | 340 | NOTICE OF APPEAL by Gordon Hall Gordon Hall (9) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s-10s, 11s, 13s ; from ; the Judgment entered in this action on November 5, 1999. Copies mailed to the attorneys of record: A.U.S.A. and Court Reporters. Filing Fee $ 105.00 Receipt # E 358980. (dt) (Entered: 11/10/1999) |
| 11/10/1999 | | Notice of Appeal with copy of order/judgment and two copies of docket entries as to Gordon Hall transmitted to USCA re: [340-1] appeal on 11/10/99. (dt) (Entered: 11/10/1999) |
| 11/15/1999 | 341 | TRANSCRIPT of record of proceedings as to Gordon Hall (9), Michael Motsykulashvili (15) for date of 9/7/99 10:05 a.m. before Hon. Denny Chin. (bw) (Entered: 11/15/1999) |
| 11/19/1999 | | USCA Case Number as to Gordon Hall Re: [340-1] appeal USCA NUMBER: 99-1675. (dt) (Entered: 11/19/1999) |
| 12/02/1999 | 348 | File notice that the record on appeal as to Gordon Hall has been certified and transmitted to USCA on 12/2/99 [340-1] appeal. (dt) (Entered: 12/02/1999) |
| 01/07/2000 | 351 | TRANSCRIPT of record of proceedings as to Gordon Hall for dates of 11/1/99 before Judge Chin. (mr) (Entered: 01/07/2000) |
| 06/09/2000 | 366 | MANDATE OF USCA (certified copy) as to Gordon Hall Re: [340-1] appeal; Affirming judgment/order Gordon Hall (9) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s-10s, 11s, 13s. ... Upon due consideration, it is hereby Ordered, Adjudged, and Decreed that the decision of said District Court be and it hereby is AFFIRMED. [Issued as Mandate: 6/7/00] (bw) (Entered: 06/12/2000) |
| 06/09/2000 | | (Court only) **Remove appeal flag - no further appeals pending (bw) (Entered: 06/12/2000) |
| 09/14/2000 | | Record on appeal file (99-1449) returned from U.S.C.A. (sl) (Entered: 09/14/2000) |
| 12/18/2000 | | (Court only) **Terminated party Eddie Nagel (mr) (Entered: 12/19/2000) |
| 05/24/2001 | | (Court only) **Terminated party Claudio Iodice (mr) (Entered: 05/30/2001) |
| 07/12/2001 | 402 | MOTION by Gordon Hall for production of sentencing transcripts pursuant to 28 USC 753 and for production of certain court documents in clerks possession pursuant to rules 55 and 56 F.R.Cr.P. (ac) (Entered: 07/12/2001) |
| 08/07/2001 | 403 | MOTION by Gordon Hall MOTION FOR PRODUCTION OF DOCKET SHEET AND ALL MATERIAL PERTAINING TO DEFENDANT'S MOTION FOR NEW TRIAL PURSUANT TO RULE 33 F.R.CR.P . (jb) |

| | | |
|---|---|---|
| | | (Entered: 08/08/2001) |
| 09/07/2001 | | MOTION by Gordon Hall to vacate under 28 U.S.C. 2255. Refer to 01 Civ 8397 . (ac) (Entered: 09/20/2001) |
| 10/30/2001 | 406 | MEMORANDUM AND DECISION ORDER as to Gordon Hall denying [0-1] motion to vacate under 28 U.S.C. 2255. Refer to 01 Civ 8397 as to Gordon Hall (9). SO ORDERED. (Signed by Judge Denny Chin); Copies mailed. (ja) Modified on 10/31/2001 (Entered: 10/31/2001) |
| 11/05/2001 | | (Court only) **Terminated party Michael Motsykulashvili (ph) (Entered: 11/27/2001) |
| 12/26/2001 | 412 | NOTICE OF APPEAL by Gordon Hall Gordon Hall (9) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s-10s, 11s, 13s; from; Memorandum Decision and Order entered on 10/31/01. Copies mailed to attorneys of record: A.U.S.A. *($105.00 APPEAL FILING FEE DUE.)* Fee $ Receipt # (rmo) (Entered: 02/07/2002) |
| 02/07/2002 | | Notice of Appeal with copy of order/judgment and two copies of docket entries as to Gordon Hall transmitted to USCA re: [412-1] appeal on 2/7/02. (rmo) (Entered: 02/07/2002) |
| 02/11/2002 | 414 | File notice that the record on appeal as to Gordon Hall has been certified and transmitted to USCA on 2/11/02 [412-1] appeal. (rmo) (Entered: 02/11/2002) |
| 02/11/2002 | | Indexed record on appeals files sent to U.S.C.A. by Gordon Hall. (rmo) (Entered: 02/11/2002) |
| 03/14/2002 | | by Gordon Hall, $105.00 Appeal filing fee paid 3/14/02 on receipt # E 433516. (dt) (Entered: 03/14/2002) |
| 06/20/2002 | | (Court only) **Terminated party Irwin Schneider. (ph) (Entered: 06/26/2002) |
| 06/26/2003 | 434 | MANDATE OF USCA (certified copy) as to Gordon Hall Re: [412-1] appeal; USCA No. 02-2099; It is hereby ORDERED that the motion to withdraw the appeal be and it hereby is granted. [ Issued As Mandate: 6/19/03 ] (bw) (Entered: 06/27/2003) |
| 06/26/2003 | | (Court only) **Procedural Interval start P6 as to Gordon Hall (9) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s-10s, 11s, 13s. [ refer to Mandate, doc.#434 ] (bw) (Entered: 06/27/2003) |
| 06/26/2003 | | (Court only) **Remove appeal flag - no further appeals pending (bw) (Entered: 06/27/2003) |
| 07/22/2003 | | Indexed record on appeal files (02-2099) returned by UDCA. APPEAL by Gordon Hall (pr) (Entered: 07/23/2003) |
| 05/19/2004 | | Payment of Fine from Gordon Hall in the amount of $25.00. Date Received: 5/19/04. (mn, ) (Entered: 05/19/2004) |

| | | |
|---|---|---|
| 04/21/2008 | 450 | Petition for Writ of Mandatory, as to Gordon Hall. (ja) (Entered: 04/22/2008) |
| 06/03/2008 | 451 | MOTION default judgment. Document filed by Gordon Hall. (ja) (Entered: 06/06/2008) |
| 06/13/2008 | 456 | MOTION For Consolidation And Transfer of Proceeding to U.S. District Court, Southern District of California. Document filed by Gordon Hall, dated 6/4/08. (bw) (Entered: 06/13/2008) |
| 06/13/2008 | 457 | MEMO ENDORSEMENT as to Gordon Hall on 456 MOTION to Transfer Case, filed by Gordon Hall. -- Judge endorsed: This motion is granted to the extent that jurisdiction over Mr. Hall's supervised release is being transferred to the Southern District of California (subject to that court's consent). SO ORDERED. (Signed by Judge Denny Chin on 6/13/08)(ja) (Entered: 06/16/2008) |
| 06/13/2008 | | (Court only) ***Motions terminated as to Gordon Hall: 456 MOTION to Transfer Case, filed by Gordon Hall. (ja) (Entered: 06/16/2008) |
| 06/17/2008 | 458 | MEMO ENDORSEMENT on Request for Court Action/Direction, as to Gordon Hall, re: Transfer of Jurisdiction.... On 11/23/07, Hall commenced his term of supervision in the SD of California based on his residence in their district.... Sr. U.S. Probation Officer Janet Bergland, informing that a transfer of jurisdiction is being requested.... At this time we are requested that Probation Form 22 (attached) is signed in order to initiate the Transfer of Jurisdiction. -- Judicial Response: Transfer of Jurisdiction approved (please see Prob. 22). (Signed by Judge Denny Chin on 6/13/08)(ja) (Entered: 06/17/2008) |
| 06/30/2008 | 459 | Certificate of Service of: Copy of Motion For Judgment, Order To Show Cause, Affidavit In Support; Copy of Order Discharing Respondant/United States Claims Or Charges And Discharging Any Further Public Obligations Of Defendant. Service by defendant Gordon Hall to Clerk of Court/USDC-SDNY on June 25, 2008. Service was made by Mail. (bw) (Entered: 07/01/2008) |
| 07/15/2008 | 460 | Counteroffer to Play the Role of Defendant in a Public Hearing of July 10, 2008 to Assist in Settlement and Closure of the Action, as to Gordon Hall, filed by Gordon Hall. (ja) (Entered: 07/17/2008) |
| 08/05/2008 | 461 | ORDER as to Gordon Hall. Defendant Gordon Hall purports to pay the outstanding restitution in this case. Attached to the letter are a number of documents, including a purported "Secured Promissory Note" issued by "Gordon LeRoy Hall & Company" in the amount of $4,800,000,000 and a "Secured Funding and Offset Bond" issued by "Gordon LeRoy Hall & Company" in the amount of $5,400,000,000. First, the documents are rejected and are not accepted for filing. These documents are improper. The originals are being returned to Mr. Hall with a copy of this Order. Second, even if the papers were to be accepted for filing, they do not constitute payment of his outstanding restitution. A promise to pay is not |

| | | |
|---|---|---|
| | | payment. Furthermore, a bond issued by "Gordon LeRoy Hall & Company" does not constitute payment. SO ORDERED. (Signed by Judge Denny Chin on 8/5/08)(jw) (Entered: 08/05/2008) |
| 08/25/2008 | 462 | Supervised Release Jurisdiction Transferred Out to the U.S.D.C. - Southern District of California as to (97-Cr-1215-009) Gordon Hall. (bw) (Entered: 08/25/2008) |
| 08/25/2008 | | TRANSFER OUT SUPERVISED RELEASE DOCUMENTS SENT as to (97-Cr-1215-09) Gordon Hall to the U.S.D.C. - Soutnern District of California (San Diego). The following documents were mailed: 1) Certified copy of the Transfer of Jurisdiction Form [doc.#462], 2) Judgment [copy from Probation Office], 3) S1 Superseding Indictment [copy from Probation Office], 4) Certified copy of the Docket Sheet, and letter of acknowledgment. Mailed via Federal Express AIRBILL # 8655-7112-5745 on 8/25/08. (bw) (Entered: 08/25/2008) |